## The Home Pattern Company *vs.* The W. W. Mertz Company.

First Judicial District, Hartford, January Term, 1914.

Prentice, C. J., Thayer, Roraback, Wheeler and Beach, Js.

This court will not recommit a case to the trial judge for omitting to comply with the rule requiring him to mark each paragraph of the draft-finding "proven" or "not proven" (Practice Book, 1908, p. 269, § 12), when it appears from the finding itself and from the

Home Pattern Co. *v.* Mertz Co.

memorandum denying in part the request to correct the finding, that no good could result to the appellant from such recommittal.

The delivery of goods to the common carrier designated by the vendee vests the title to the goods in him.

An attempted repudiation of an executory contract of sale, unless acquiesced in by the other party, does not put an end to it; under such circumstances the contract continues in force and each party is legally bound to perform his part of it.

In the present case the defendant agreed to buy dress patterns to be manufactured by the plaintiff from time to time, and to display them for sale in its store, receiving credit at stated intervals for all discarded and undamaged patterns which were returned. After the first instalment had been manufactured but before its shipment, the defendant repudiated the contract and refused to accept the goods. The plaintiff declined to acquiesce in this attempted repudiation, and at the appointed time (February) delivered the first instalment of the goods to the carrier designated by the defendant. These goods the defendant left in the hands of the railroad company but did not thereafter communicate with the plaintiff until August, and meanwhile the plaintiff had shipped several monthly instalments of patterns in the belief that the defendant, in spite of its original refusal, would carry out its part of the agreement. *Held* that under these circumstances the title to all patterns shipped prior to the defendant's breach of the contract in August passed to it, and that it was properly chargeable for such patterns.

The conduct of the defendant would, *it seems*, have justified the plaintiff in refusing to proceed further with the contract, had the plaintiff elected to pursue that course.

Submitted on briefs January 6th—decided March 5th, 1914.

ACTION to recover damages for breach of contract to accept and pay for certain patterns to be manufactured and shipped by the plaintiff, brought to and tried by the Superior Court in Litchfield County, *Tuttle, J.;* facts found and judgment rendered for the plaintiff for $895, from which the defendant appealed. *No error.*

*William W. Bierce* and *Willard A. Roraback,* for the appellant (defendant).

*Caleb A. Morse* and *Thomas J. Wall,* for the appellee (plaintiff).

THAYER, J. On May 21st, 1908, the plaintiff and defendant entered into a contract of sale, the essential parts of which appear in the statement of the case when it was before us at a former term (86 Conn. 494, 86 Atl. 19). The plaintiff was the manufacturer of the Home Journal Patterns referred to in the contract. Before the time for the first shipment under the contract arrived, the defendant attempted to repudiate its contract, but was notified by the plaintiff that it would not acquiesce in such repudiation. When the time arrived for the initial shipment the plaintiff delivered the goods to the New York, New Haven and Hartford Railroad Company, as directed by the defendant in the contract. It afterward delivered the monthly shipments on the standing orders until August 18th, when the contract was broken by the defendant. The goods in question were not to be manufactured specifically for the defendant, and their manufacture had no relation to the order except as the number of patterns manufactured by the plaintiff would have some relation to the amount of its outstanding orders. The goods to fill the orders were taken from tills where they were kept on hand by the plaintiff. The plaintiff was told by the railroad company that the defendant did not receive from the railroad the goods which were shipped, but the plaintiff received no notice from the defendant that it would not receive them, after the first shipment was made, until August 18th, when the contract was broken, and until that date the plaintiff believed that the defendant would perform its contract. The plaintiff claimed and was allowed to recover for all goods shipped prior to August 18th, and to recover damages for the defendant's breach of contract on that date.

It appears from the record that the trial judge neglected to comply with the rule (Practice Book, 1908, p. 269, § 12) which requires the judge, to whom a draft-

finding is presented with a request for a finding, to mark "proven" or "not proven" against each paragraph of the draft-finding, and the defendant has moved in this court that the case be recommitted in order that the omission may be supplied. It appears in the finding that several of the paragraphs of the draft-finding were found proven, and from the request for a correction of the finding it appears that the judge was asked to incorporate the remaining paragraphs of the draft-finding in the finding. His refusal to do so, and his memorandum in denying the request, show that no good could come to the defendant from a recommittal of the case. The motion is denied.

By the contract it appears that the plaintiff was bound to deliver the shipments of goods f. o. b. to the designated railroad in New York. When it had done that as to any shipment contracted for, it had, as to such shipment, performed its part of the contract, and the title to the goods passed to the defendant. The defendant's attempted repudiation of the contract not having been acquiesced in, the contract continued in force and both parties to it were legally bound to perform their parts of it, as was held upon the former trial. The defendant now makes no serious claim that it was not bound to pay for the original shipment of goods, amounting to $316.35. But it claims that its neglect to take that shipment from the railroad, after the attempted repudiation of the contract, constituted a breach of the contract, and that the plaintiff could not properly thereafter make the monthly shipments, but was put to its action for damages for breach of the contract. Probably the defendant's conduct in neglecting to take the goods from the railroad, whereby it would be unable to display them in its store pursuant to its contract, and its neglect fifteen days later, when payment therefor became due, to pay for them, was suffi-

cient (Sales Act, § 45, Public Acts of 1907, Chap. 212) to justify the plaintiff in refusing to proceed further with the contract. It did not refuse to proceed with it, however, but continued to make the monthly shipments required by it, in the belief that the defendant would carry out its part of the contract. The court finds that after the original shipment was made the defendant did not communicate with the plaintiff until August, when it wrote to the plaintiff and broke the contract. No request has been made to correct this part of the finding, and no evidence is made part of the record showing that the finding is not correct. It appears, therefore, that the title to all goods shipped prior to the breach in August passed to the defendant and that the goods were properly chargeable to it.

It is claimed that the court erred in its construction of the contract, and in its finding of facts in reaching the amount of damages which it awarded the plaintiff for the defendant's breach of the contract. The defendant's theory upon the trial and in the request for a finding, was that under the contract the defendant, in addition to its standing orders, was bound to re-order every pattern which it sold, so that (the evidence tending to show that its monthly sales would just equal the amount of the standing orders) the amount of patterns on hand at the end of the five-year contract, by reason of these re-orders, would be large, and under the contract this large accumulation of patterns would be returned to the plaintiff at a great loss to it. The court did not take this view, and we are asked to correct the finding by adding thereto the several paragraphs of the draft-finding which relate to this question.

We have examined the contract and the evidence of the witness Brown, which has been made a part of the record on appeal, and find no reason to correct the finding as claimed. The defendant was clearly wrong in

its construction of the contract when, in paragraph seven of its draft-finding, it requested the court to find that all patterns sold by the defendant would have been replaced by re-ordering the patterns sold at least once a week. The contract required only that the defendant should keep up its assortment of sizes of patterns by re-orders. It was not required to re-order, every time it sold a pattern of a particular style and size, another pattern of that style and size to replace it. So long as it had on hand patterns of that style and size its assortment of sizes was kept up. It is to be presumed that in sending the original stock the sizes most called for, the ordinary sizes, would be sent in considerable number, while of the extraordinary sizes, those for which there would be little call, but few in number of any one size would be sent. So, too, when the defendant had notice, as it did six months in advance of the date of discard, as the evidence of Brown shows, that certain patterns would be discarded, it would not be for the interest of either party to the contract that patterns of the style to be discarded should, during the six months preceding the discard, be re-ordered, except to fill the immediate demands of the defendant's business.

It appears from the contract that the eighth, ninth, and eleventh paragraphs of the draft-finding were not correct statements of fact. Damaged patterns, as the contract shows, could not be returned. The plaintiff, therefore, would receive a profit on these the same as if they had been sold by the defendant. As the defendant was not called upon to re-order all patterns sold, and as some damaged patterns were inevitable, there was nothing before the court to establish the fact claimed in the eleventh paragraph, namely, that at the end of each semi-annual discard period the defendant would have on hand the original stock of $300 worth of patterns, plus the monthly shipment. The whole claim

of the defendant thus failed. There was evidence from the witness Brown tending to show what the plaintiff's loss from the breach of the contract was, and from this evidence the court apparently acted in estimating the damages resulting to the plaintiff from the breach of contract.

There is no error.

In this opinion the other judges concurred.