ANTHONY J. WILLIAMS *vs.* DOMENICK PERROTTA.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, JS.

Where goods are sold by a description upon a warranty of fitness for a specific purpose, their acceptance by the buyer after inspection is not in law or in fact an admission that they conform to contract (General Statutes, § 4735); and therefore an instruction which invites the jury to consider the conduct of the defendant buyer, in accepting a carload of grapes after inspection, as persuasive evidence that there was no breach of warranty at all, is erroneous and prejudicial.

The burden of proof is upon the purchaser who sets up the breach of warranty as a counterclaim; and the mere fact that the plaintiff seller failed to establish the truth of his affirmative propositions does not of itself entitle the defendant to recover on the counterclaim.

There is no error in commenting favorably on the testimony of a witness, if the jury are warned that they are not to be influenced by suggestions of the court as to the weight of testimony or the credibility of witnesses.

A wrongful refusal by the purchaser of two carloads of grapes to pay for the first carload, excuses the seller from tendering or delivering the second carload.

Williams *v.* Perrotta.

There is no occasion to discuss objections to instructions in a charge relating to a counterclaim, if the verdict of the jury establishes the fact that they did not reach the question of defendant's damages.

When the admissibility of evidence depends upon a preliminary question of fact to be determined by the court—in this case a question of identity—, its decision will not be reversed except in a case of clear and manifest error, and certainly not if made, as in this instance, upon conflicting testimony.

Argued October 28th—decided December 22d, 1920.

Action to recover the balance of the purchase price of a carload of grapes sold and delivered to the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Webb, J.;* verdict and judgment for the plaintiff for $1,122, and appeal by the defendant. *Error and new trial ordered.*

On the trial a written contract was produced expressing an agreement between the parties for the purchase and sale of two carloads of muscatel wine grapes, including the carload in controversy. The decisive issue of fact was whether the carload of grapes in question corresponded in kind and quality with the written contract; whether they were muscatel grapes reasonably fit for making wine, or whether, as the defendant claimed, they were of another variety and unfit for that purpose. It was admitted that the defendant inspected, accepted and kept the grapes, but whether his acceptance was or was not under protest against their kind and quality, was in dispute. Other material facts are stated in the opinion. The defendant appeals from the refusal of the court to grant a new trial on the ground of a verdict against the evidence, and for alleged errors in rulings on evidence and in the charge.

*George W. Crawford,* with whom was *Charles T. McClure,* for the appellant (defendant).

*George E. Beers,* for the appellee (plaintiff).

BEACH, J. The trial court having once stated the plaintiff's claim that the acceptance of these grapes by the defendant after he had inspected them was inconsistent with the defendant's claim that they were not muscatel grapes and not reasonably fit for making wine, again called the attention of the jury to that claimed inconsistency as follows: "Again, I commend to you to carefully consider the conduct of the defendant in having anything to do with those grapes, if his claims are accurate, if they were bad, or more than half of them were rotten, they were not of the variety that he contracted to purchase, why did he have anything to do with them? That is a legitimate inquiry for you to ponder over and draw such conclusions from it as you think it justly deserves." This was erroneous and harmful. Where goods are sold by description upon a warranty of fitness for a specific purpose, their acceptance by the buyer after inspection is not in law or in fact an admission that they conform to contract. The Sales Act, which in this respect codifies the common law, and the custom of merchants, provides that "where there is a breach of warranty by the seller, the buyer may, at his election (a) accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price, (b) accept or keep the goods and maintain an action against the seller for damages for the breach of warranty"; or he may treat the breach of warranty as putting an end to his obligation to accept, receive or keep the defective goods. General Statutes, § 4735. In this case the defendant elected to accept the goods and to set up in his counterclaim the breach of warranty in diminution or extinction of the contract price; and by the above-quoted portion of the charge the jury were erroneously invited to treat his election of a lawful remedy for breach of warranty as persuasive

evidence that there was no breach of warranty at all.

It is said that the court erred in charging the jury that the burden of proof was on the defendant to establish the facts alleged in his counterclaim, to wit, that the grapes were not of the kind and quality contracted for. The court dealt with the complaint and counterclaim separately. It first charged the jury that the burden of proof was on the plaintiff to establish the fact that the grapes were muscatel grapes and reasonably fit for making wine, and that the plaintiff could not otherwise recover the entire contract price; although the defendant, because he had appropriated the grapes to his own use, must account for their fair and reasonable value, even though they were not of the kind and quality contracted for. Then, coming to the defendant's counterclaim for damages, it used the language objected to. On the whole, this charge was correct. The mere fact that the plaintiff failed to establish by a preponderance of evidence the truth of his affirmative propositions, would not of itself entitle the defendant to recover on his counterclaim. It is still correct to say that the burden of proof is on the defendang to establish his affirmative counter-propositions before he can recover damages; and the fact that he is entitled to put any failure of proof on the part of the plaintiff into the scale, leaves it none the less true that he must establish the material facts alleged in the counterclaim by a preponderance of all the evidence in the case.

The trial court having commented favorably on the testimony of one of plaintiff's witnesses, immediately warned the jury that they were not to be influenced by any suggestion of the court as to the weight of testimony or the credibility of witnesses. In this there is no error. See *First Baptist Church* v. *Rouse,* 21 Conn. 160, 167.

It is unnecessary to discuss the objections to other parts of the charge dealing with the defendant's counterclaim, because the jury did not reach the question of defendant's damages for breach of warranty or for failure to tender or deliver the second carload of grapes contracted for. Their verdict necessarily finds that the defendant wrongfully refused to pay for the first carload; and that being so, the plaintiff was not bound to tender the second carload. General Statutes, § 4711; *Home Pattern Co.* v. *Mertz Co.*, 88 Conn. 22, 90 Atl. 33.

One ruling on evidence requires discussion. Plaintiff bought several carloads of grapes, including the carload in controversy, from the National Fruit Exchange of California. On October 30th, 1918, the plaintiff brought suit against the Fruit Exchange, alleging that it had sold him seven carloads of grapes which were overripe and in a damaged condition when shipped. Subsequently a substituted complaint was filed alleging the purchase of nine cars of grapes, and making a similar allegation as to their condition when shipped. The defendant, claiming that the carload of grapes in suit was one of those referred to in the original and substituted complaint, offered copies of the original and substituted complaints in evidence as declarations of the plaintiff that the grapes in question were not according to contract. This evidence was excluded by the trial court on the ground that the carload of grapes here in controversy had not been sufficiently identified as one of the seven or nine carloads which were the subject of the former action. The admissibility of these alleged declarations of the plaintiff depended upon the preliminary question whether the carload of grapes in suit was one of those referred to in the papers offered. " 'The principle is well settled that where the admissibility of evidence depends upon a preliminary question of fact, to be tried by the court, its decision is not to be reversed

unless in a case of clear and manifest error.'" *State* v. *Willis*, 71 Conn. 293, 313, 41 Atl. 820. In this instance the ruling was made on conflicting evidence and we cannot say that it was erroneous.

The trial court did not err in refusing to grant a new trial on the ground that the verdict was against the evidence. The most that can be said is that the evieence was conflicting.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.