JENNIE TAGER *vs.* DANIEL SULLIVAN.
SOLOMON S. TAGER *vs.* DANIEL SULLIVAN.

First Judicial District, Hartford, May Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 6th—decided July 14th, 1931.

*Aaron J. Palmer,* for the appellants (plaintiffs).

*Julius G. Day, Jr.,* with whom was *Joseph F. Berry,* for the appellee (defendant).

MALTBIE, C. J.   These actions grow out of a claimed fall of the plaintiff Jennie Tager while leaving a tenement house owned by the defendant, to which she had gone to visit her son, a tenant.   It was the claim of this plaintiff that she tripped and fell over the door sill of a small hall connected with the rear entrance. There was evidence that the sill was of concrete and projected above the floor of the hall about three-eighths of an inch, with rough, irregular and jagged edges; and the causes of action were based upon the negligence of the defendant in not maintaining his premises in a reasonably safe condition.   The only questions raised upon the appeals are two rulings upon evidence.   In the course of the trial, the plaintiffs produced in chief one Hyman Barnovitz as a witness, who, upon his direct examination, testified that he was a life insurance solicitor; and that he had been in the rear entrance of the building in connection with his work.   Thereupon the following question was propounded to him by the attorney for the plaintiffs: "Have you ever had an accident coming out of that entrance?" The question was objected to by counsel for the defendant, and, after argument, excluded by the court, to which ruling the plaintiffs duly excepted. The court then remarked: "I will also let it be understood that you are prepared to offer testimony from two or three other witnesses to show that," to which the counsel for the plaintiff replied: "Each of whom will testify that in coming out they . . . tripped on this same threshold." The court rejoined: "That may be understood and come within the same exception."

In itself the first question was clearly inadmissible, as the fact that the witness had had an accident in coming out of the entrance would be immaterial. The offer of further evidence by counsel was also somewhat defective in that it did not include a statement that the circumstances under which others tripped upon the sill were substantially similar to those connected with the fall of the plaintiff Jennie Tager, that is, substantially similar in those respects involved in determining whether the condition of the sill was not reasonably safe for persons using it as the plaintiff was. *House* v. *Metcalf,* 27 Conn. 631, 636; *Taylor* v. *Monroe,* 43 Conn. 36, 42; *Antel* v. *Poli,* 100 Conn. 64, 76, 123 Atl. 272. In the instant case, however, there was evidence that the sill had existed without change for several years before this plaintiff's fall and the chances that there would be any substantial dissimilarity in the conditions surrounding the falls of others over it would be slight. If testimony of this nature was to be offered, the question should first be directed to calling the attention of the witness to a certain time when he had had occasion to pass through the entrance and then to developing the circumstances surrounding him at that time, so that, when he was asked whether he fell over the threshold, the trial judge would have been in a position to rule upon the question whether there had been then a situation substantially similar to that existing when the plaintiff fell. The effect of the two rulings of the trial court was, however, broadly to foreclose the plaintiffs from the entire line of evidence which they, upon showing a substantial similarity of conditions, were properly entitled to press.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.