HERMAN SHUCHAT *v.* TOWN OF STRATFORD.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued May 16—decided June 8, 1939.

*Herbert L. Cohen,* with whom was *Theodore I. Koskoff,* for the appellant (plaintiff).

*James Kenneth Bradley,* for the appellee (defendant).

Avery, J.   The plaintiff brought this action to recover damages for injuries which he claimed to have received on January 22, 1938, at about 8.50 in the morning when, while walking on the sidewalk on the westerly side of Main Street at a point approximately adjacent to the Dennis Funeral Home, he slipped and fell and was injured.   He claimed that his injury was caused by snow and ice upon the sidewalk.   After a trial to the jury a verdict was returned in favor of the defendant town and the plaintiff has appealed.   The only errors assigned relate to the charge of the court and a ruling upon evidence.

At the trial to the jury the plaintiff offered evidence to prove and claimed to have proved these facts:   At the time in question while walking with due care on the sidewalk on the westerly side of Main Street in

the defendant town at a point approximately adjacent to the Dennis Funeral Home, where Southard Court intersects, he slipped because of an accumulation of ice and snow at that point which rendered the surface of the sidewalk uneven, slippery and dangerous, and which had been there at least three days prior. The town had failed to exercise due diligence to remedy this defective condition although it had reasonable notice thereof. As a result the plaintiff fell and was injured. The defendant offered evidence to prove and claimed to have proved these facts: On January 16th it snowed from 4.30 to 6 p. m., a fall of one-eighth of an inch; on the 17th it snowed from 8 a.m. to 8 p.m., a fall of one and one-half inches. It was clear on the 18th, 19th and 20th. It rained on the afternoon of the 21st and snowed from 4 p. m. to 8 p. m., a fall of three inches. It snowed during the night and stopped some time during the night with a precipitation of two inches. For a period of several days prior to January 22d, there was a continual condition of thawing and freezing each day and the temperatures of localities exposed to the sun were often as high as forty-five degrees. There had been no accumulation of snow and ice at that point for three days prior to the time when the plaintiff was injured. Whatever accumulation of snow and ice there was, was the result of the rain storm and snow storm of January 21st.

The plaintiff claims error in the refusal of the court to charge the jury in accordance with three specific requests: "A defendant town which makes no effort for several days after a snowstorm to render an icy and much travelled upon sidewalk reasonably safe for public travel save for the partial removal of the snow by the tenant of the adjoining land, cannot be said to have discharged the full measure of its duty." "If the injuries resulted from the combined concurrence of the

icy condition of the walk and the freshly fallen snow, as long as both contributed to the cause of the injuries then if all the other elements of the action are present, the jury must find for the plaintiff." "When once a defective condition of a sidewalk due to snow and ice has become established, the fact that thereafter and before injury occurs to a traveler as a result of it, the condition varies in some slight degree by reason of intervening storms or melting, will not relieve the municipality of liability, nor will it, of itself, preclude a finding that the municipality had constructive notice of the existence of the defect." The first two of these requests were instructions which we held not erroneous under the circumstances of that case in *Frechette* v. *New Haven,* 104 Conn. 83, 93, 94, 132 Atl. 467, and the third was language taken from *Keating* v. *New London,* 104 Conn. 528, 531, 133 Atl. 586. It is well settled, however, that the trial court "is not bound to adopt and use the language of requests to charge; it is enough if the instructions upon the points involved are correct and adequate." *Pickens* v. *Miller,* 119 Conn. 553, 554, 177 Atl. 573; *Slade* v. *Harris,* 105 Conn. 436, 439, 135 Atl. 570; *Rohde* v. *Nock,* 101 Conn. 439, 442, 126 Atl. 335; *Woodward* v. *Waterbury,* 113 Conn. 457, 462, 155 Atl. 825.

The trial court, after calling attention to testimony to the effect that the town had sent men to the place of the accident early that morning with a snow plow, informed the jury that it might consider this evidence in determining whether or not the town knew or should have known of the existence of the defect, if the jury found that there was one at that place; but the jury should also consider whether this was such reasonable notice as would give the town the opportunity to remedy the defect. The court then informed the jury that, if the area had been substantially cleared of snow,

so that the snow and ice which the plaintiff claimed had been there for three days at least, was the proximate cause of the plaintiff's injuries and not the newly fallen snow, and the town had notice actual or constructive and a reasonable opportunity to remedy the defect, and the plaintiff without negligence on his part fell at that point and was injured, their verdict should be for the plaintiff. The jury were further informed that, if they found that the area either had no ice on the sidewalk or the sidewalk was not cleared of snow and the plaintiff's fall was due to the newly fallen snow, so that it and not the early deposit was the proximate cause of the injury, their verdict should be for the defendant, unless they found that sufficient time had elapsed for the town to receive notice of the condition actual or constructive and had reasonable opportunity to remedy the defect. The jury were also informed that, if they found that there had been a pre-existing layer of ice upon the sidewalk and the additional layer of ice merely caused the condition to become more slippery and dangerous, and the pre-existing layer was the proximate cause of the injuries, their verdict should be for the plaintiff, provided he was free from contributory negligence and the town had notice of the condition and reasonable opportunity to remedy it; but if, however, the new ice was the only ice on the sidewalk, their verdict should be for the defendant, unless they found the defendant had received sufficient notice of its existence by plowing the sidewalk that morning and a reasonable opportunity to remedy the defect. Upon the claims raised by the parties, these instructions were adequate for the information of the jury. They embodied the substance of the plaintiff's requests and were in accordance with our law. *Frohlich* v. *New Haven,* 116 Conn. 74, 76, 163 Atl. 463; *Keating* v. *New London,* 104

Conn. 528, 533, 133 Atl. 586; *Carl* v. *New Haven,* 93 Conn. 622, 625, 107 Atl. 502; *Congdon* v. *Norwich,* 37 Conn. 414, 419.

The plaintiff offered a witness, Carten, who first testified that on Wednesday, Thursday and Friday, immediately previous to the Saturday on which the plaintiff was injured, the witness had observed the spot where the plaintiff claimed to have fallen; in response to an inquiry as to whether the witness had noticed any change in the condition of the ice on that sidewalk from Wednesday to Saturday morning he stated, "Wednesday, Thursday, Friday and Saturday the sidewalk had patches of ice on it." He was then asked whether there was any change in the condition from one day to the next day, as he observed it generally, and answered, "No." He was then asked what called his attention to that particular section of sidewalk on Wednesday preceding the Saturday morning. In stating his purpose, the plaintiff's attorney explained to the court that he was able to offer testimony that the witness had seen another person fall on the same spot on Wednesday morning, and claimed the testimony was admissible as the witness had shown a similarity of conditions on the sidewalk upon the two days. Upon the objection of the defendant the question was excluded. The trial court had before it testimony as to weather conditions showing a continual condition of freezing and thawing. To render evidence of the experience of others at the place in question admissible, a similarity of conditions must be shown. *Tager* v. *Sullivan,* 113 Conn. 417, 419, 155 Atl. 704. This is a preliminary question to be decided by the court. The trial court had before it evidence tending to show a change in conditions from day to day. It had before it also the testimony of the witness that he had observed no change in the conditions generally.

Under these circumstances it was the province of the court to determine the preliminary question of fact whether the conditions on the two days was substantially similar. Upon this point the evidence was conflicting. The ruling excluding the question was within the discretion of the trial court. " 'The principle is well settled that where the admissibility of evidence depends upon a preliminary question of fact, to be tried by the court, its decision is not to be reversed unless in a case of clear and manifest error.' " *State* v. *Willis,* 71 Conn. 293, 313, 41 Atl. 820. Where the ruling is made on conflicting evidence it cannot be said to be erroneous. *Williams* v. *Perrotta,* 95 Conn. 529, 533, 111 Atl. 843.

There is no error.

In this opinion the other judges concurred.