Rose Wilkins *v.* G. Fox & Company, Inc.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued June 7—decided June 26, 1939.

*Jacob Schwolsky,* with whom were *John W. Joy* and *Henry J. Goldberg,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellee (defendant).

Per Curiam. The plaintiff brought this action to recover damages due to a fall as she was leaving a moving escalator running from the main floor to the basement of the defendant's store. As each step of the escalator reached the floor of the basement, indentations in it meshed with stationary prongs affixed to the floor. The plaintiff claimed that as she stepped off the escalator with her right foot the heel of her left shoe was caught in the mesh between the prongs, causing her to fall. The sole question upon this appeal taken by her from a judgment for the defendant is as to the exclusion of a question asked one of her witnesses.

There were two escalators between the main and basement floors in the store, one for persons going up and one for those going down. The witness was employed as an attendant at the foot of the one going up. The plaintiff proposed to interrogate him as to other instances where women in getting on or off the escala-

tors had fallen. He was examined at length in the absence of the jury and the trial court ruled that he might testify as to his personal observation of women who fell in getting off the escalators either at the top or the bottom and he did so testify in the presence of the jury. He was then asked whether he had seen any heels caught when women were getting on the escalator, the question was excluded and the plaintiff excepted. The examination of the witness in the absence of the jury shows that the basis of the trial court's ruling was the fact that, when persons were getting on the escalator the steps were moving away from the prongs, whereas when they were getting off it, the steps were moving toward the prongs, and that the two situations were therefore not substantially similar within the rule in *Tager* v. *Sullivan*, 113 Conn. 417, 155 Atl. 704. Under that rule testimony would be admissible that other women using the escalator fell under conditions substantially similar in the respects involved in determining whether the escalator was reasonably safe. *Petrillo* v. *Kolbay*, 116 Conn. 389, 395, 165 Atl. 346; *Tuckel* v. *Hartford*, 118 Conn. 334, 340, 172 Atl. 222. The determination whether the circumstances involved were substantially similar was a preliminary fact for the decision of the trial court which we could not find erroneous unless clearly and manifestly so. *Kryger* v. *Panaszy*, 123 Conn. 353, 360, 195 Atl. 795. The conclusion of the trial court is strengthened in this case by the claim of the plaintiff that she fell because the heel of her shoe was caught between the stationary prongs as she was about to step off the escalator.

There is no error.