JULIA DOBOSZ *v.* GIDEON E. NYREN ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 9—decided July 26, 1944.

*Philip R. Shiff,* for the appellant (defendant Nellie Dobosz).

*Charles R. Summa,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff was a passenger in an automobile being operated by her daughter, the defendant Nellie Dobosz, when it came into collision with a car owned by the defendants Nyren and operated by the defendant Calvanese, their agent, in the course of his employment. The trial court found the issues for the plaintiff against the defendant Dobosz and for the other defendants, and she has appealed. The only claimed errors we need consider involve three rulings on evidence.

The finding states the following facts: On December 20, 1941, at about 9:30 a. m. the Dobosz car, having descended Southington mountain, was proceeding easterly on a substantially straight and level section of the highway, paved with concrete. The car was being operated on its right side of the road at a speed of about twenty-five miles an hour. There was a slippery spot on the side of the highway on which the car was traveling, due to slush and water. The defendant Dobosz did not see this spot. Her car skidded on it and crossed the center line of the highway to its left side. The defendant Calvanese was approaching from the east, driving well over on his own right side of the highway at a speed of about thirty miles an hour. The cars collided. The defendant Dobosz had plenty of time to have slowed her car after it left the slippery spot and before the collision, but she failed to apply her brakes. The trial court concluded that the skidding of the Dobosz car was in part due to her negligence in failing to keep a proper lookout, and that she was also negligent in operating her car on the left side of the road and in failing to apply her brakes after the car had cleared the slippery spot.

She called a witness who had visited the scene of

the accident shortly after it had occurred and who testified that the condition of the highway at that spot was a glare of ice. He also stated that he had driven over the highway in an easterly direction about three-quarters of an hour before the collision. For the purpose of showing what was the condition of the highway that morning and what an operator of an automobile could see of it, he was asked whether he had had any experience with the portion in question when he had crossed it, how the condition of the highway when he saw it after the collision compared with its condition when he had driven over it earlier and whether, on that earlier occasion, he was able to notice anything on the highway as he approached the point of the collision. The trial court excluded all three questions. The situation is typically one where, to make admissible testimony of the witness as to his experience at the earlier hour, it would be necessary first to lay a foundation by evidence that conditions at that time were substantially similar in all relevant respects to those present when the accident occurred. *Schuchat v. Stratford*, 125 Conn. 566, 571, 7 Atl. (2d) 387; *Tager v. Sullivan*, 113 Conn. 417, 419, 155 Atl. 704. That was the obvious purpose of the question as to the comparative conditions of the highway as the witness saw it after the accident and when he had passed the spot earlier. The trial court's exclusion of this question prevented the defendant from offering any testimony which would afford a basis for the admissibility of the other two questions. It was error to exclude it.

There is error, the judgment against the defendant Dobosz is set aside and a new trial is ordered as to her.

In this opinion the other judges concurred.