**654**

UNITED STATES of America

v.

Joseph Anderson SCHOFIELD, 3rd, W. Bradley Ward, Administrator D.B.N. C.T.A. of the Estate of Lemuel B. Schofield, Deceased, Liberty Real Estate Bank & Trust Co., a Pennsylvania corporation, and Marvin Comisky, Guardians of Joseph Anderson Schofield, 3rd, and Premises in Schuylkill Township, Chester County, Pennsylvania, commonly known as the Anderson Farm, consisting of 131.452 acres.

No. 20977.

United States District Court
E. D. Pennsylvania.

July 28, 1959.

paid federal income taxes, the alleged cost of improvements made by decedent (Lemuel B. Schofield) during the years 1947 to 1955 on land in which he had a life estate.[1] Applicants contend that the decedent, as trustee of a trust of which they were residuary beneficiaries, misappropriated during the years 1941 to 1950 approximately $19,500 of their funds and spent this sum, during years between 1947 and 1950, inclusive, on improvements to this land.[2] These applicants contend, further, that plaintiff is not entitled to the value of all improvements made to such land by decedent during the years 1947 to 1955, since some such improvements were made with their money and that $19,482 of the proceeds of the sale of such land is free from plaintiff's claim.

On this record, the plaintiff and the guardian-defendants (custodians of the owner of the land)[3] are entitled to have the motion dismissed on the ground that the statute of limitations prevents the moving parties in 1959 from imposing any constructive trust on this land to recover misapplication of their funds to pay for improvements to the land in 1950 and prior years. See 12 P.S. § 83.[4] The proviso to this statute has no application to the plaintiff and the guardian-defendants, since none of them are included in the words "anyone affected with a trust, by reason of his fraud." Neither the plaintiff nor the guardian-defendants, whose ward's[5] remainder interest vested

Richard Reifsnyder, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

C. Gilpin Gibbon and Isaac C. Sutton, Philadelphia, Pa., for intervenors.

Lewis M. Stevens, Philadelphia, Pa., for administrator and guardians.

VAN DUSEN, District Judge.

Plaintiff instituted this action on July 2, 1956, seeking to recover, for application on account of decedent's un-

1. A more detailed recital of the facts will be found in the opinion of June 21, 1957, reported at D.C., 152 F.Supp. 529.

2. The facts stated here are taken from the attached letter of July 16 and the Motion to intervene has been treated as if $19,482 was substituted for $16,000, in accordance with that letter (see correspondence attached to letter of July 16). It is noted that the last use of these moneys for improvements was on May 26, 1950, and only $583.15 was used for such purposes in 1950. See pages 2 and 3 of the July 16 letter.

3. All the present parties to this action oppose this motion.

4. 12 P.S. § 83 provides, in part, as follows: "No right of entry shall accrue, or action be maintained * * * to enforce any implied or resulting trust as to realty, but within five years after such trust accrued * * * Provided, That as to anyone affected with a trust, by reason of his fraud, the said limitation shall begin to run only from the discovery thereof, or when, by reasonable diligence, the party defrauded might have discovered the same; but no bona fide purchaser from him shall be affected thereby, or deprived of the protection of said limitation: * * *."

5. The remainderman-ward of these guardians was in various mental hospitals from 1943 to September 1955, at which time, after the decedent's death, he was adjudicated an incompetent and the guardians appointed. See affidavit of August 17, 1956, attached to Document No. 8 in Clerk's file.

after the death of the life-tenant decedent, can be held responsible for any fraud of the decedent under this provision. See Gast v. Engel, 1952, 369 Pa. 137, 141, 85 A.2d 403, and other cases cited in attached letter of June 29, 1959.

Even assuming the statute of limitations does not prevent the moving parties from asserting an interest in such land, the record before the court discloses that this motion is not a "timely application" within the terms of F.R.Civ.P. 24, 28 U.S.C., for these reasons:

A. The moving parties have been entitled to their residuary shares of the trust since April 1934 and they voluntarily permitted the decedent to handle their shares for seven years before any of his alleged misappropriations of their funds took place. (See Statement of Facts in Memorandum of moving parties and in their counsel's letter of July 2, 1959, both of which are attached; see, also, letter of July 16 and letters attached to it.)

The trust of which the moving parties are residuary beneficiaries was created in 1929 for the term of the life of Caroline Anderson, who died on April 17, 1934, at which time they became entitled to their residuary shares. An account was filed by the executor and trustee in October 1936 and the moving parties were advised by letters of October 21, 1936, of the filing of this account, of their status as residuary beneficiaries, and that "the balance of the estate should be liquidated as fast as possible to the best advantage of the estate." See Stipulation of July 14, 1959 (Document No. 26). The account was confirmed by the Orphans' Court of Chester County in December 1936. The moving parties made no complaint about the continued administration of their assets by the decedent until after his death in 1955. The misuse of these funds occurred in the years 1947, 1948 and 1950 (see letter of July 16).

■■ By allowing decedent to handle their property after the termination of the trust and the filing of his account in 1936 without requiring any further accounting from him, these moving parties placed the decedent in a position to misappropriate their property. On the other hand, the plaintiff had no notice of, or method of learning of, any defalcations by decedent because he never filed any federal income tax returns for the years in question. Under such circumstances, the principle that, where one of two innocent parties must suffer, the loss should fall on the one who facilitated it, operates in favor of the plaintiff on this record. See Ervin v. City of Pittsburgh, 1940, 339 Pa. 241, 14 A.2d 297; Weiner v. Pennsylvania Co., 1947, 160 Pa.Super. 320, 325, 51 A.2d 385. As between plaintiff and the moving parties, the latter have no standing to assert at this late date a lien on improvements made by the decedent. The Pennsylvania courts have consistently held that "due diligence demands that a cestui que trust should not wait until a trustee dies before the former brings his vigilance into activity to check up the administration of the trust." See Johnson v. Hobensack, 1935, 318 Pa. 305, 178 A. 40, 42.[6]

B. Having good reason to know of the insolvent condition of the decedent's estate, of this suit instituted on July 2, 1956, and, at least by May 1958, of decedent's misappropriation of their property, this motion was not filed in any form until May 1959, and in its present form until July 10, 1959, whereas this case is now the

6. See, also, In re Mershon's Estate, 1950, 364 Pa. 549, 551, 73 A.2d 686, and Taylor v. Coggins, 1914, 244 Pa. 228, 231, 90 A. 633. In the Mershon case, supra, the court said at page 551 of 364 Pa., at page 687 of 73 A.2d:

"It is the affirmative duty of all competent beneficiaries, upon receiving notice of the filing of an account, to make diligent inquiry concerning the fiduciary's conduct and management of the affairs of the estate. All beneficiaries are chargeable not only with such information as was known to them at the time of the audit but also with what they could have discovered by exercising reasonable diligence."

80th case on the non-jury trial list of this court and will, in the absence of unusual circumstances, be reached for trial in the fall.

The decedent's death on July 3, 1955, was followed by a great deal of publicity given to the discovery of his failure to file any returns or pay his income taxes for the years 1947 to 1954. A Grand Jury was convened by this court in October 1955 to investigate "the income taxes of the late Lemuel B. Schofield, Esquire" and it made a presentment on January 5, 1956, stating, inter alia,

"At the outset of the investigation it was ascertained that the last federal income tax return ever filed by Mr. Schofield was his return for the calendar year 1946. No returns were ever filed in his lifetime for the years 1947 to 1954, inclusive. It was unmistakably established that the failure to file these returns was deliberate. The persons whom Mr. Schofield had employed for many years to keep his books and to prepare yearly summaries of his income and expense, testified that they had prepared such summaries for each of the years in which Mr. Schofield had omitted to file returns and had presented them to him so that the returns could be prepared, as customary, by an accountant. There was further testimony that Mr. Schofield was repeatedly reminded of his delinquencies, commencing with that for the calendar year 1947, but that he never permitted any of the returns to be prepared."

Under these circumstances, the moving parties had a duty, at least by July 1956, to investigate what had happened to the property which they had entrusted to the decedent and to intervene in this suit reasonably promptly after it was instituted.

The court can take judicial notice that this suit, as well as the Grand Jury investigation, was given extensive publicity in the Philadelphia area, where the moving parties reside.[7] On May 1, 1958, the moving parties, through their attorney, agreed in the Orphans' Court of Chester County, to the surcharge of the decedent's estate for the benefit of the trust under the will of Caroline Anderson, and yet they made no attempt to intervene in this action until over a year later. There is no allegation in the motion as to the time when the moving parties learned of the use of their money for improvements, and yet these moving parties have the burden of establishing their case.

C. This suit is an in personam action to set aside alleged fraudulent transfers by the decedent for improvements to property, and there is no property of the moving parties in the custody of the court.

The moving parties contend that the above-mentioned land on which the improvements made with decedent's money is located "is in the custody or subject to the control or disposition of the court" (see F.R.Civ.P. 24(a) (3)) because of a stipulation filed in this case on October 4, 1956, and an order of the same date based on this stipulation (see Documents Nos. 8½ and 9 in Clerk's file). However, an examination of the stipulation discloses that its purpose and terms substitute for the above-mentioned improved land, which is named as an in rem defendant in this suit, part of the proceeds of the sale of such land. If the plaintiff is not able to prove its case, the action will be dismissed and no order of this court will be necessary to dispose of the proceeds of the sale of such land which are in the custody of the guardians of the title holder who are subject to the supervision and control of the Orphans' Court of Chester County and not of this court. See 20 P.S. § 2080.301(4.1) and In re Wertz' Estate (No. 2), O.C.York, 1955, 6 Pa.Dist. & Co.R.2d 439; cf. In re Wormley's Estate, O.C.Phila., 1949, 67 Pa.Dist. & Co.R. 616

7. All but one of the four moving parties live in the southeastern part of this District.

Under these circumstances, the moving parties are not entitled to intervene under F.R.Civ.P. 24. See Cameron v. President and Fellows of Harvard College, 1 Cir., 1946, 157 F.2d 993, 996; Hunt Tool Co. v. Moore, Inc., 5 Cir., 1954, 212 F.2d 685, 688; Palmer v. Guaranty Trust Co. of New York, 2 Cir., 1940, 111 F.2d 115, 116–117.

The motion will be denied.[8]

Upon presentation to the pre-trial judge of an appropriate order, it is most probable that counsel for the moving parties will be permitted to submit their position on legal and factual issues to the trial judge as an amicus curiæ. It is doubtful whether such counsel would have any substantially broader rights if allowed to intervene. See Rules 28(b) and 29(a) of this court, adopted as of June 30, 1959, and effective September 1, 1959.

8. The briefs of plaintiff and of defendants Marvin Comiskey and Liberty Real Estate Bank & Trust Co., Guardians of Joseph Anderson Schofield, 3rd, and W.

Bradley Ward, Administrator D.B.N.C.T.A. of Estate of Lemuel B. Schofield, Deceased, have been placed in the Clerk's file.