EDNA ZHEUTLIN *v.* THE SPERRY AND HUTCHINSON
COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued February 8—decided March 16, 1962

*Milton L. Jacobson,* with whom, on the brief, were
*Wayne G. Tillinghast* and *Morgan G. Gilman,* for
the appellant (plaintiff).

*Allyn L. Brown, Jr.,* with whom, on the brief, was
*Leo J. McNamara,* for the appellees (defendants).

ALCORN, J. The plaintiff sought to recover damages for injuries sustained in a fall when she tripped over the edge of a concrete walk located between a hard-surfaced parking space and the front of the named defendant's store. The plaintiff appealed from the judgment rendered on the verdict for the defendants. She assigns error in a ruling on evidence.

In January, 1956, the named defendant leased a store building in Norwich from the individual defendants. The front of the building was about thirty-eight feet long. A concrete sidewalk five feet wide ran along the front of the building and continued along its westerly side at a width of four feet. A hard-surfaced parking space for vehicles adjoined the outer edge of the sidewalk both in front and on the west side of the building. The elevation of the parking area varied from one and one-quarter to three and one-half inches below the surface of the sidewalk. The only customers' entrance to the store was a double doorway located in the center of the front of the building. The surface of the parking area was two inches below the surface of the concrete walk directly in front of the door. The plaintiff claimed that she came to the premises on October 5, 1956, as a business visitor, approached the entrance door from the front and fell because she tripped on the edge of the concrete walk in front of the door.

The defendants called the store manager as a witness. She testified that no structural changes had been made in the premises during the entire period of about four and one-half years from January, 1956, when the named defendant first occupied the building, until the time of the trial; that all customers who entered the store came in through the front

door; and that all complaints concerning the premises were brought to her attention. The manager was permitted to testify, over the plaintiff's objection, that during that four and one-half year period over 100,000 people had entered the store through the front door and that during that period she had never observed, nor received any complaint, that any person had fallen. The testimony was admitted after an extensive discussion and inquiry by the court in the absence of the jury. From the testimony, it appeared that the witness' estimate of the total number of persons involved was based on store records kept by her and that, from her observation, over 50 percent of the total number had approached the walk from the parking area in front of the building. During this discussion, the plaintiff's claim was that the parking area was safe as a parking area and that the sidewalk as a sidewalk was safe, but that the variation in height between the parking area and the walk constituted a hazard. The only objection made to the evidence admitted by the court was that the defendants had failed to show that a similarity of conditions had confronted the numerous customers who had entered the store without falling.

It was not disputed that all persons who entered the store were required to traverse the portion of sidewalk in front of the front door. The plaintiff's claim essentially is that the testimony was admissible only in regard to those persons who had mounted the walk at the same point as the plaintiff. We have uniformly held that evidence of the experience of others at a given place is admissible on the question whether the place was reasonably safe, if it is first established that the circumstances were substantially the same as those under which the plain-

tiff was injured, and that the use by others was substantially similar to that of the plaintiff. *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 226, 10 A.2d 600; *Wilkins* v. *G. Fox & Co., Inc.,* 125 Conn. 738, 739, 7 A.2d 434; *Shuchat* v. *Stratford,* 125 Conn. 566, 571, 7 A.2d 387; *Antel* v. *Poli,* 100 Conn. 64, 76, 123 A. 272; *Calkins* v. *Hartford,* 33 Conn. 57, 58. The use need not be shown to be identical, if the condition is shown to be substantially similar. *Schiller* v. *Orange Hall Corporation,* 144 Conn. 327, 330, 130 A.2d 798; *Wilkins* v. *G. Fox & Co., Inc.,* supra; *Tager* v. *Sullivan,* 113 Conn. 417, 419, 155 A. 704. The question whether the essential preliminaries have been established is for the court, and the court's decision will not be disturbed unless there is clear and manifest error. *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402; *Wilkins* v. *G. Fox & Co., Inc.,* supra; *Shuchat* v. *Stratford,* supra, 572.

The complaint alleged an "uneven, irregular and slanting sidewalk and curbing at or near the center of the two doors." The plaintiff claimed to have proved that the walk in front of the store was two and one-half inches above the parking surface at one end of the building, three and one-half inches above the parking surface at a point nearer the entrance door, two inches above the parking surface in front of the entrance door and one and one-quarter inches above the parking surface at the other end of the building; that she tripped where the height was two inches; that a curbing six inches high is standard construction; and that the substandard height of the edge of this walk made it "dangerous and hazardous regarding pedestrian traffic going from the amesite driveway on to the concrete walk." In view of the nature of the defect thus claimed to exist, we cannot say that the court

abused its discretion in admitting the testimony complained of.

The plaintiff argues that the greater portion of the period testified to by the witness was subsequent to the plaintiff's fall and that therefore the great majority of the persons referred to entered the store after the incident involving the plaintiff. This claim comes too late, since it was not made to and passed on by the trial court. Practice Book § 409; *LaVoie* v. *Marshall,* 141 Conn. 681, 687, 109 A.2d 508.

There is no error.

In this opinion the other judges concurred.