**Charles HASKELL, Plaintiff, Appellant,**

v.

**BOAT CLINTON–SERAFINA, INC.,**
Defendant, Appellee.

No. 7270.

United States Court of Appeals
First Circuit.

Heard May 5, 1969.

Decided May 19, 1969.

Michael B. Latti, Boston, Mass., with whom Max C. Fischer and Katz & Kaplan, Boston, Mass., were on brief, for appellant.

Bertram E. Snyder, Boston, Mass., with whom Robert J. Hallisey and Bingham, Dana & Gould, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Plaintiff appellant, a seaman on a fishing trip, brought this personal injury action in the customary three counts, for negligence, unseaworthiness and for maintenance and cure. The jury found for the defendant on counts one and two. On this appeal plaintiff asserts various errors, only one of which requires discussion. Plaintiff testified that in a rough sea he slipped on a deck that had a large patch of slime and moss, thick as a blotter. The defendant denied this, and over plaintiff's objection the captain was permitted to testify that no accident had ever occurred there before.

Since the jury could have found that the condition the plaintiff described, had it existed, would have been of some permanence and a continual danger, it was within the court's discretion to admit this evidence as tending to contradict plaintiff's claim.

Plaintiff seeks to draw too much from Robitaille v. Netoco Community Theatre, Inc., 1940, 305 Mass. 265, 25 N.E.2d

749, 128 A.L.R. 592. That case, at most, established a rule vesting a great deal of discretion in the trial judge to decide when evidence of a prior safety record is admissible. *See* Riley v. New England Tel. & Tel. Co., 1968 Mass.Adv.S. 385, 388–389, 234 N.E.2d 746. Even if *Robitaille* could be thought to have established a restrictive rule, we would feel obliged under F.R.Civ.P. 43(a) to follow a more liberal rule of admissibility if there were such. There is. *See, e.g.,* Zheutlin v. Sperry & Hutchinson Co., 1962, 149 Conn. 364, 179 A.2d 829; Erickson v. Walgreen Drug Co., 1951, 120 Utah 31, 232 P.2d 210; Jackson v. Chicago, M., St.P. & P.R.R., 1947, 238 Iowa 1253, 30 N.W.2d 97; Doyle v. St. Paul, M. & M. Ry., 1889, 42 Minn. 79, 43 N.W. 787. *See generally*, Wigmore, Evidence §§ 252, 458; McCormick, Evidence § 167.

Affirmed.