Morris Zeidwig *v.* City of Derby et al.

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued February 2—decided March 5, 1943.

*Edward J. Donahue,* with whom was *William F. Healey,* for the appellant (named defendant).

*Louis Feinmark,* with whom was *Herman D. Silberberg,* for the appellant-appellee (plaintiff).

*Martin E. Gormley,* for the appellee (defendant The Connecticut Railway and Lighting Company).

MALTBIE, C. J. The defendant railway company formerly operated a trolley line over a stone bridge on one of the streets of the defendant city, and while the use of the tracks for trolley cars had ceased the rails still remained in the street. To protect travelers on the highway there was an iron fence along the outer edge of the bridge. The railway company owned the abutting property. The plaintiff claimed that the railway company owned and for many years had maintained the fence; that on a day when the street was slippery, due to a freezing rain, he was operating a truck along it; that the truck skidded on the slippery tracks and the part of the street immediately adjacent to them; that, out of control, it crossed the part of the street between the rails and the curb and, by reason of an accumulation of snow and ice at the curb, went over it; that it then crossed a sidewalk and went through the fence; and that the injuries to recover for which the plaintiff brought this action resulted there-

from. The complaint was in two counts. The first was against the city, and alleged liability on its part, under § 1420 of the General Statutes, because the street was defective due to its icy condition, and, under § 1419 of the General Statutes, because the fence was insufficient. The second count was against the railway company, and alleged liability because of the defective condition of the rails and the part of the street immediately adjacent to them due to ice and snow on them, and also because of a failure of a duty on its part to maintain the fence in a safe condition. The jury returned a verdict against the city on the first count and for the railway company. The city has appealed from the judgment rendered thereon, as has the plaintiff as regards the judgment in favor of the railway company.

In this complaint, the plaintiff sought recovery, not against both defendants, but against one or the other; the trial court charged the jury that this was his claim, and this instruction is not assigned as error; and in his brief the plaintiff in effect states that if we find no error on the appeal of the city, it is not necessary to consider his appeal from the judgment in favor of the railway company. We take up, then, the appeal of the city.

With the exception of one ruling on evidence, the only errors assigned are in the charge and they principally concern the application to this case of the rule stated in *Bartram* v. *Sharon,* 71 Conn. 686, 695, 43 Atl. 143, that the statute, § 1420, imposing upon municipalities liability for defective highways, does not permit a recovery where the negligence of a third party is a concurring cause. See also *Upton* v. *Windham,* 75 Conn. 288, 291, 53 Atl. 660; *Gustafson* v. *Meriden,* 103 Conn. 598, 605, 131 Atl. 437; *Jennes* v. *Norwich,* 107 Conn. 79, 82, 140 Atl. 119; *Matchulot* v.

*Ansonia,* 116 Conn. 55, 58, 163 Atl. 595; *Roth* v. *Mac-Donald,* 124 Conn. 461, 463, 200 Atl. 725. We have no need to consider, on the appeal of the city, whether or not that rule applies to a breach of a statutory duty on the part of the railway company to keep a portion of the highway reasonably safe. The trial court repeatedly charged the jury that there could be no recovery against the city unless they found that a breach of its duty was the sole proximate cause of the plaintiff's injuries, and if that charge was too broad the city certainly cannot complain. Under §§ 3752 and 3755 of the General Statutes, a street railway company is liable for injuries to person or property caused by a failure to keep in repair its tracks in a highway and the portion of the highway within eight inches on each side of each rail. The only allegation in the complaint upon which a breach of duty on the part of the railway company could be based was that at the time of the injury, and for a considerable time before, the portion of the highway which it was bound to maintain was defective and, although it knew or should have known of the condition in time to have remedied it, it had failed to do so; and the complaint also alleged that notice had been given to the company under the provisions of § 1420 of the General Statutes, which would apply in case of a neglect of its statutory duty. There was no allegation of negligence on its part in the maintenance of the tracks. *Root* v. *Connecticut Co.,* 94 Conn. 227, 232, 108 Atl. 506. The trial court was correct in charging the jury that the complaint set up only a breach of statutory duty on the part of the railway company; nor was the issue of breach of any common-law duty raised by any other pleadings in the case. The trial court was not bound to charge the jury as to any common-law duty on the part of the railway company to maintain its rails in a

reasonably safe condition for traffic over them, for that issue was not in the case.

In one portion of the charge the trial court instructed the jury that if they found that the city had failed to maintain a sufficient fence the fact that either the city or the railway company was guilty of a breach of duty in failing to keep the highway reasonably safe would not prevent a finding that the want of a sufficient fence was the sole proximate cause of the plaintiff's injuries. When read with the rest of the charge, this portion cannot be held, as claimed by the city, to have eliminated from the consideration of the jury contributory negligence on the part of the plaintiff or in effect to have told them that, if the fence was defective, they need not consider, in determining the liability of the city, whether or not the railway company committed a breach of duty in not keeping reasonably safe the highway adjacent to its rails; that would be so only if they found that a breach of duty on the part of the city in failing to maintain the fence in a reasonably safe condition was the sole proximate cause of the injury.

In explaining to the jury the considerations they should have in mind in determining whether the fence was sufficient, the trial court stated that it should be reasonably designed to provide against those mischances naturally incident to traffic which may arise from unforeseen circumstances, such as the skidding of the truck and loss of control due to that cause, unless that was due to contributory negligence on the part of the driver. It added a little later in the charge that these mischances may include those due to the negligence of others, except that of the driver; and this passage in the charge the city assigns as error. The charge of the court was no doubt based upon our decision in *Porpora* v. *New Haven,* 119 Conn. 476, 482,

177 Atl. 531, where we said: "It would be for the jury to say whether, under all the circumstances of the case, the skidding of the truck so as to bring it into contact with the railing was a natural incident to the use of the highway the possibility of which the municipal authorities ought reasonably to have anticipated and guarded against." In that case and in the cases cited in our opinion in it, no question of the negligence of a third party was involved, and in the portion of the charge complained of the trial court went beyond our decisions. The charge, on the facts of this case, could, however, have referred only to a breach of duty by the railway company as regards its rails and the portion of the street immediately adjacent to them. As regards the city, there is here no question of the violation of a common-law duty to exercise due care, but of a statutory duty on its part to maintain a sufficient fence. One of the ordinary mischances of highway traffic under the vicissitudes of our climate is that automobiles may skid upon streets made slippery by snow or ice, and this is a mischance within the field of those which a jury might find a municipality, under the circumstances of the case, was reasonably bound to anticipate and guard against. *Horton* v. *MacDonald*, 105 Conn. 356, 362, 135 Atl. 442; *Dunn* v. *MacDonald*, 110 Conn. 68, 78, 147 Atl. 26. If in this case the jury found that the fence was insufficient as regards the danger of injury from the skidding of a truck on the street, a failure of the railway company in its duty to make its rails and the adjacent portion of the street reasonably safe would not have altered in any way the nature of the risk against which the city was bound to guard. We need not go so far as to hold that as a general principle the charge of the court would be correct. In the present case, it could not have

harmed the city by imposing upon it a heavier burden than it was in law bound to bear.

Following the decision of this court in *Dunn* v. *MacDonald*, supra, which involved an accident due to an automobile going over a bank at the side of a state highway, the legislature enacted statutes to the effect that a railing or fence on a state aid or trunk line highway, or a highway or a portion of such a highway under the control of an incorporated bridge district, constructed or maintained in a manner equal to or better than certain stated specifications should be deemed to be a sufficient fence under the provisions of § 1419 of the General Statutes. Cum. Sup. 1935, § 524c, amended Sup. 1941, § 191f; Cum. Sup. 1935, § 525c. The railing involved in this case is not within the provisions of these statutes. While a qualified civil engineer was testifying with reference to the fence here in question, he was asked by the city whether the fence was as strong as or stronger than that required under these statutes, and the city has assigned error in the exclusion of the question. The legislature, instead of making the statute generally applicable to fences or railings required to be erected under § 1419, restricted it to certain highways and bridges, leaving the determination of the sufficiency of a fence or railing in other cases to the trier in each particular case. It would be contrary to the apparent legislative intent to make the specifications in these statutes a standard by which to measure the sufficiency of fences or railings in situations not within their terms. The trial court was correct in excluding the question.

There is no error on the appeal of the defendant city of Derby. The plaintiff is given permission to withdraw his appeal.

In this opinion the other judges concurred.