MARGARET SIROT, EXECUTRIX (ESTATE OF MARVIN SIROT) *v.* J. WILLIAM BURNS, COMMISSIONER OF TRANSPORTATION
(12410)

LAVERY, HEIMAN and SCHALLER, Js.

Argued February 8—decision released April 18, 1995

*David S. Golub,* with whom was *Jonathan M. Levine,* for the appellant (plaintiff).

*Paul E. Pollock,* with whom, on the brief, was *Coleen D. Fries,* for the appellee (defendant).

SCHALLER, J. The plaintiff appeals from the judgment of the trial court, rendered after a jury trial, in favor of the defendant. The verdict relieved the defendant of liability for the death of the plaintiff's decedent, Marvin Sirot, which occurred as a result of an automobile accident. The plaintiff claims that the trial court improperly instructed the jury on the issue of sole proximate cause. We affirm the judgment of the trial court.

The facts relating to this claim are as follows. On July 27, 1983, Marvin Sirot was traveling east on Interstate 95, from Greenwich to New Haven. At approximately 5:30 p.m., heavy traffic was traveling about fifty-five miles per hour in both directions. Sirot was driving a 1981 Chevrolet station wagon in the left lane on the eastbound side.

While Sirot was proceeding east, Larry Morris, the driver of a large tractor trailer truck on the opposite side of the highway, lost control of his vehicle. The truck skidded across the westbound side of the highway, striking the median guardrail. The front end of the truck crossed the median into Sirot's lane. The front of the truck struck Sirot's vehicle, crushing and killing Sirot. It was not disputed at trial that Sirot was exercising due care in operating his vehicle.

The evidence indicated that Morris had lost control of his vehicle after his right front tire came into contact with the left rear side of another vehicle, a Datsun, that was also traveling on the westbound side of the highway.[1] After the truck hit the median guardrail, it traveled approximately seventy feet along the rail before striking Sirot's vehicle.

---

[1] There was a dispute at trial as to the cause of the contact between the truck and the Datsun. Arthur Gee, the driver of the Datsun, maintained that he was traveling in the far right lane when he was struck from behind by the truck. Morris and an eyewitness, Lewis Berryman, asserted that the Datsun had started to move into the middle lane and that the truck swerved to avoid a collision, but had been unable to avoid contact.

At trial, the plaintiff, Margaret Sirot, executrix of the estate of Marvin Sirot, claimed that the median barrier at the site of the accident was defective and that a proper barrier system would have prevented the truck from entering the decedent's lane of travel.[2] In answer to special interrogatories, the jury found that the median barrier was, in fact, defective. The jury further found that the state had notice of the defect and had failed to use reasonable care to remedy it and that the plaintiff had given proper statutory notice of her claim, as required by General Statutes § 13a-144.[3] Finally, the jury found that the plaintiff had not proved that the defect was the sole proximate cause of Marvin Sirot's death.

The plaintiff requested an instruction to the jury that any antecedent negligence would not defeat a jury's finding that a defect in the median barrier was the sole proximate cause of death. The trial court rejected the plaintiff's request and instructed the jury that any negligence that caused the truck to go out of control would preclude a finding for the plaintiff on the issue of sole proximate cause. The plaintiff's motion to set aside the verdict was denied by the trial court. This appeal followed.

---

[2] At trial, Sirot testified that her claim against Morris, the driver of the truck, was settled for $600,000. Gee, the driver of the Datsun involved in the initial collision with the truck, testified that the plaintiff had also made a claim against him which had settled for $300,000.

[3] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court."

The issue presented on appeal is whether our Supreme Court in *Zeidwig* v. *Derby*, 129 Conn. 693, 31 A.2d 24 (1943), created an exception to the sole proximate cause doctrine that would apply to municipal highway defect actions. We conclude that it did not do so.

It is firmly entrenched in our case law that the doctrine of sole proximate cause is the standard of causation under § 13a-144. "The incorporation of the sole proximate cause requirement for actions brought under the state defective highway statute dates back to *Perrotti* v. *Bennett*, 94 Conn. 533, 109 A. 890 (1920)." *Williamson* v. *Commissioner of Transportation*, 209 Conn. 310, 317, 551 A.2d 704 (1988). Recently, in *White* v. *Burns*, 213 Conn. 307, 336, 567 A.2d 1195 (1990), our Supreme Court reviewed this area of the law and concluded that "[s]ole proximate cause remains the standard of causation under § 13a-144."

The plaintiff claims, however, that *Zeidwig* v. *Derby*, supra, 129 Conn. 693, created an exception to the sole proximate cause standard under § 13a-144. We disagree. *Zeidwig* involved an action by the plaintiff against the city of Derby and a local railway company. The plaintiff sought to recover for injuries he sustained when the truck he was driving over a stone bridge on a city street slid on ice that the railway company had a statutory duty to clear, and skidded off the road and through an iron fence that the city had a statutory duty to maintain.

The plaintiff argues that the Supreme Court's discussion of a portion of the trial court's charge in *Zeidwig* supports her claim. The court commented: "In one portion of the charge the trial court instructed the jury that if they found that the city had failed to maintain a sufficient fence the fact that either the city or the railway company was guilty of a breach of duty in failing to keep the highway reasonably safe would not pre-

vent a finding that the want of a sufficient fence was the sole proximate cause of the plaintiff's injuries." *Zeidwig* v. *Derby*, supra, 129 Conn. 698. The plaintiff asserts that, by making this statement, the court held that third party negligence is not to be considered when the highway defect involves a defective barrier. The plaintiff ignores the subsequent reasoning of the *Zeidwig* court in which it discusses the relevant portion of the instruction.

"When read with the rest of the charge, this portion cannot be held, as claimed by the city, to have eliminated from the consideration of the jury contributory negligence on the part of the plaintiff or in effect to have told them that, if the fence was defective, they need not consider, in determining the liability of the city, whether or not the railway company committed a breach of duty in not keeping reasonably safe the highway adjacent to its rails; that would be so only if they found that a breach of duty on the part of the city in failing to maintain the fence in a reasonably safe condition was the sole proximate cause of the injury." Id. The court, therefore, neither expressly nor impliedly endorsed the portion of the charge at issue, but indicated that "[w]hen read with the rest of the charge," it did not eliminate the consideration of the railway company's breach of duty from the issue of sole proximate cause. Id.

When an appellate court reviews jury instructions, "[it] do[es] not engage in a microscopic examination of the charge, dissecting it line by line, nor [does it] consider the challenged portions of the charge in isolation." *State* v. *Andrews*, 29 Conn. App. 533, 540, 616 A.2d 1148 (1992), cert. denied, 224 Conn. 924, 618 A.2d 531 (1993); *State* v. *Wolff*, 29 Conn. App. 524, 531, 616 A.2d 1143 (1992). "The test to be applied to any part of a charge is whether the charge, *considered as a whole*, presents the case to the jury so that no injustice

will result." (Emphasis added.) *State* v. *Ash,* 231 Conn. 484, 494, 651 A.2d 247 (1994). The court reviewed the charge in *Zeidwig* and concluded that, when considered as a whole, the charge was sufficient. The court emphasized that "[t]he trial court repeatedly charged the jury that there could be no recovery against the city unless they found that a breach of its duty was the sole proximate cause of the plaintiff's injuries . . . ." *Zeidwig* v. *Derby,* supra, 129 Conn. 697.

The Supreme Court recognized that the trial court's charge in *Zeidwig* had gone beyond its previous decisions and stated that "[w]e need not go so far as to hold that as a general principle the charge of the court would be correct. In the present case, it could not have harmed the city by imposing upon it a heavier burden than it was in law bound to bear." Id., 699–700. Nowhere in its decision did the court endorse the portion of the charge cited by the plaintiff. The court merely found that the charge, taken as a whole, was adequate under the law. We conclude that *Zeidwig* is distinguishable on its facts and did not create an exception to the sole proximate cause standard of causation under § 13a-144. Sole proximate cause remains the standard of causation under § 13a-144. Accordingly, the trial court's instruction to the jury in this case was proper.

The judgment is affirmed.

In this opinion the other judges concurred.