## WILLIAM R. LANGTON *v.* TOWN OF WESTPORT
### (13054)

DUPONT, C. J., and FOTI and HEIMAN, Js.

Argued January 17—decision released May 23, 1995

*Paul J. Pacifico,* for the appellant (plaintiff).

*Christopher M. Vossler,* with whom was *John J. Bogdanski,* for the appellee (defendant).

DUPONT, C. J. The plaintiff appeals from a judgment for the defendant following a jury verdict and from the denial of his motion to open the judgment and set aside the verdict. We affirm the judgment of the trial court.

The plaintiff's amended one count complaint alleged that he was riding his bicycle on a public street and highway in the defendant town of Westport (town) when the front wheel of his bicycle dropped up to its axle in a space between a grate and a door of the grate located on the street. The plaintiff alleged a breach of a statutory duty pursuant to General Statutes § 13a-149, claiming that the town had both actual and constructive notice of the "defective and dangerous condition" of the grate. The plaintiff also alleged that the highway was dangerous and defective because the space was hazardous, the grating was uneven, the grate was improperly maintained and the town had made no attempt to fill the space. The plaintiff did not specifically allege that the condition of the grate constituted a design defect or that the defect had been in need of repair from the time of its placement in the road. The plaintiff alleged that the town's actions were the sole proximate cause of his injuries.

The town, in its answer, admitted that the space was a dangerous condition on the date of the accident and that the condition was a cause of the plaintiff's injuries, but denied that the condition was the sole proximate cause of the plaintiff's injuries. The town also denied that it had actual or constructive notice of the dangerous condition that it failed to remedy, as was alleged by the plaintiff.

The jury answered no to an interrogatory that asked: "Assuming that the gap in the grate was a defect in

the highway, did the town of Westport have notice of the hazard or risk posed by this defect prior to the date of this accident?'' The jury then returned a verdict for the town in accordance with the instructions of the interrogatories. The plaintiff raised no objection to the content or form of the interrogatories.

The questions raised by other interrogatories, whether the alleged defect was the sole proximate cause of the plaintiff's injuries[1] and whether the plaintiff was free of contributory negligence, were never reached by the jury because it found, pursuant to the first interrogatory, that the town had no notice of the hazard or its risk prior to the accident.

The issue, as framed by the plaintiff on appeal, is whether the verdict for the town was in conformity with the evidence. The plaintiff claims that the jury could not have answered the interrogatory as it did, given the evidence, the trial court's charge and the admission by the town that the space in the grate was a dangerous condition on the date of the accident. The plaintiff's sole basis for his motion to open the judgment and set aside the verdict was that the ''verdict was against the evidence.'' The plaintiff does not claim that any evidentiary rulings of the court were incorrect nor does he argue that the charge of the court was deficient or improper as to notice or in any other way. The court denied the motion in a written memorandum of decision.

The trial court stated that the town ''had notice of the existence of the basic condition of the grate for several years, having observed it on numerous occasions,''

---

[1] There was evidence that Connecticut Light and Power Company had designed the grate to cover a utility vault and was responsible for its maintenance. The court states in its memorandum of decision denying the plaintiff's motion to open the judgment that if the defect existed from the date of the grate's installation in the road it was due to a faulty design by Connecticut Light and Power Company.

and that the town had stipulated "that the condition which caused the plaintiff's injuries was a defect at the time of the accident." The court stated that the issue for it to decide on the plaintiff's motion to set aside the verdict for the town was whether, if the condition was a defect at the time of the accident, it must also have been a defect when it originated. The court concludes that the plaintiff's action resembled a claim for a defective design, for which he could not recover under General Statutes § 13a-149 on these facts. The case, as the court notes, was not submitted to the jury as a design defect case.

The court reasoned that the jury could have reasonably concluded that the town did not have actual or constructive notice of the defect because there was no evidence that the space in the grate had changed after the date of its installation, and because, even if the town could have been responsible for a design defect caused by another existing from the date of the installation, there was no evidence of a negligent continuance by the town of the design defect after the town knew or should have known of it.

On a motion to set aside a verdict, a trial court has wide discretion, and every reasonable presumption should be made to uphold the correctness of its ruling. *Palomba* v. *Gray*, 208 Conn. 21, 24, 543 A.2d 1331 (1988). A court has the discretion to set aside a verdict for a defendant if, on the basis of the evidence, it is so unreasonable that it compels a conclusion that it was the result of a mistake. Id., 27. That is not the case here.

A claim arising from a defective design is not per se incompatible with recovery under § 13a-149. If the design defect is so egregious, requiring obvious correction, to neglect to make the repairs to correct the design defect can be a basis for an action under the statute.

*Hoyt* v. *Danbury*, 69 Conn. 341, 352, 37 A. 1051 (1897). Many cases since *Hoyt* have reiterated what began as an exception to the general rule, the end result being the exception has almost consumed the rule. *Perrotti* v. *Bennett*, 94 Conn. 533, 539, 109 A. 890 (1920); see also *Hall* v. *Burns*, 213 Conn. 446, 569 A.2d 10 (1990); *Donnelly* v. *Ives*, 159 Conn. 163, 268 A.2d 384 (1970); *Hickey* v. *Newton*, 150 Conn. 514, 192 A.2d 199 (1963); *Hay* v. *Hill*, 137 Conn. 285, 76 A.2d 924 (1950); *Trotta* v. *Branford*, 26 Conn. App. 407, 601 A.2d 1036 (1992). The language of *Hoyt's* exception has been passed along from case to case like a judicial heirloom, the test being "were the plan of construction adopted one which was totally inadmissible . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." *Hoyt* v. *Danbury*, supra, 352.

It is not necessary to allege a design defect if it is implicit throughout the proceedings that the plaintiff is complaining of a condition that was "out of repair from the beginning." (Internal quotation marks omitted.) *Trotta* v. *Branford*, supra, 26 Conn. App. 411; see *Sirot* v. *Burns*, 37 Conn. App. 551, 657 A.2d 681 (1995); see also *Kolich* v. *Shugrue*, 198 Conn. 322, 502 A.2d 918 (1986). It would not necessarily be fatal, therefore, if the plaintiff's cause of action were one for damages due to design defect, that he failed to allege a design defect, which the town negligently allowed to exist after it knew or should have known that it could cause injury to cyclists using the highway.

The plaintiff here, however, did not attempt to prove to the jury that the town had notice of a design defect, namely, notice that the construction of the grate was so defective as to be out of repair from the beginning. See *D'Arcy* v. *Shugrue*, 5 Conn. App. 12, 496 A.2d 967 (1985). The evidence was that the plaintiff was an experienced cyclist, owning between twenty and thirty bicy-

cles, who had ridden over the very grate about 100 times without incident and without any awareness that the condition was a hazard requiring correction. The town had a bicycle commission whose function was to advise the town's public works department about the use of the streets by cyclists. No complaints had ever been reported by the commission to the town about the grate. Thus, the jury's answer to the interrogatory does not compel the conclusion that its answer was a mistake.

If the plaintiff's cause of action rests, not on a design defect, but on a defect arising from other causes, there can be no recovery under the statute unless the defect has existed long enough for the town to be charged with notice of it. *Petrelli* v. *New Haven,* 116 Conn. 144, 163 A. 759 (1933); *Crotty* v. *Danbury,* 79 Conn. 379, 65 A. 147 (1906). Whether there is constructive notice of the defect depends on the nature of the defect, that is, whether it is palpably dangerous given its location and the extent of the use of the highway. *Tireadi* v. *Waterbury,* 128 Conn. 464, 469–70, 23 A.2d 919 (1942). A defect is defined as "[a]ny object in . . . the traveled path, which would necessarily obstruct or hinder one in the use of the road . . . or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *Hall* v. *Burns,* supra, 213 Conn. 461–62; *Hay* v. *Hill,* supra, 137 Conn. 288; *Hewison* v. *New Haven,* 34 Conn. 136, 141 (1867). The mere fact that a defect exists, however, does not allow recovery under § 13a-149, which also requires proof that the defendant had actual or constructive notice of the defect and had a reasonable opportunity to correct the defect. *Hall* v. *Burns,* supra, 462. The plaintiff did not prove to the jury that the town knew that the grate was likely to obstruct a bicycle wheel.

The plaintiff asked the trial court to conclude that because the town was aware of the space in the grate for several years prior to the accident, and because the town admitted that the condition was dangerous as of the date of the accident, the jury could not have determined, except by mistake, that the town did not have notice prior to the accident that the grate would be likely to hinder or obstruct a bicycle wheel. The trial court was correct in not doing so, and, therefore, in denying the plaintiff's motion to open the judgment and to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.