[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The apportionment defendant, the Town of Chaplin, moves to strike the apportionment complaint filed by the defendants to the main action, Timothy P. and Bruce Randall.
The main plaintiff, Marylou Bradley, has sued the main defendants seeking damages for injuries allegedly sustained because of the negligent operation of a motor vehicle driven by CT Page 2935-A Timothy Randall and owned by Bruce Randall. The Randalls, in turn, have filed an apportionment complaint, under P.A. 95-111 § 1(a), alleging in the first count that the town contributed to the accident by installing and maintaining a defectively designed intersection. The second count of the apportionment complaint avers that the Randalls are entitled to indemnification from the town for any damages they may have to pay arising from the accident.
The town argues that a municipality can never be an apportionment defendant based on an allegation of injuries caused by a defective highway. The court agrees.
With respect to municipalities, C.G. § 52-557n(a)(1)(C) provides "no cause of action shall be maintained for damages resulting from injury to any person or property by means of a defective road or bridge except pursuant to section 13a-149". This provision makes C.S. § 13a-149 the exclusive remedy against a town for damages resulting from highway defects.Sanzone v. Board of Police Commissioners, 219 Conn. 179, 192
(1991). CT Page 2935-B
Under § 13a-149, a town has no liability unless the defect is the sole proximate cause of the injury. Sanborn v.Greenwald, 39 Conn. App. 289, 304 (1995). This rule obtains even where the alleged defect is inadequate traffic control design.Sirot v. Burns, 37 Conn. App. 551, 554 (1995).
In order for the apportionment of liability to apply, the Randalls would have to be partly responsible for the plaintiff's injuries. The Randalls can only be liable if Timothy Randall's conduct proximately caused the plaintiff's injuries. Lombardi v.J.A. Bergen Dairy Farms, Inc., 153 Conn. 19, 22 (1965). Thus, the highway defect would not be the sole proximate cause of the accident. To reiterate, in order for apportionment to arise, the Randalls must have liability. They are liable only if Timothy Randall's driving was a proximate cause of the accident. If Timothy Randall's conduct was a proximate cause, the town incurs no liability under the exclusive remedy provided by §13a-149.
This reasoning applies with equal force to both counts. In CT Page 2935-C addition, the indemnification count is inappropriate in an apportionment complaint. Public Act 95-111 § 1(a) indicates that a defendant to the main action may serve a writ, summons, and complaint upon a third party but only if that third party "is or may be liable" to the main plaintiff. In the indemnification count, the Randalls claim that the town is liable to them,
defendants to the main action.
For these reasons, the motion to strike the apportionment complaint is granted.
Sferrazza, J.