THOMAS DIDOMIZIO, COADMINISTRATOR (ESTATE OF THOMAS DIDOMIZIO), ET AL. *v.* EMIL FRANKEL, COMMISSIONER OF TRANSPORTATION
(14889)

Heiman, Schaller and Hennessy, Js.

Argued September 24, 1996—officially released April 1, 1997

*Herbert Gruendel*, with whom, on the brief, was *Trisha Morris*, for the appellants (plaintiffs).

*Raymond J. Plouffe, Jr.*, with whom, on the brief, was *Kevin S. Coyne*, for the appellee (defendant).

SCHALLER, J. The plaintiffs appeal from the judgment of the trial court directing a verdict in favor of the defendant in an action brought pursuant to General Statutes § 13a-144.[1]

---

[1] General Statutes § 13a-144 provides in pertinent part: "Damages for injuries sustained on state highways or sidewalks. Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in the case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. . . ."

The principal issues presented in this appeal are whether the trial court improperly (1) directed a verdict for the defendant because the plaintiffs failed to produce sufficient evidence to support a prima facie case of liability under § 13a-144, and (2) excluded evidence of a prior accident offered to show the existence of a defect to prove notice. We affirm the judgment of the trial court.

The following facts are relevant to the resolution of this appeal. On July 15, 1992, the plaintiffs' decedent, Thomas J. DiDomizio, was a passenger in a pickup truck that was traveling toward an entrance ramp to Route 8 southbound in Naugatuck. As the truck came onto the ramp and turned to the left in a curve, the vehicle slid, rotated 180 degrees, continued backwards up the ramp, and knocked down the guardrail on the right side of the ramp. The vehicle then plunged fourteen feet into the Naugatuck River, and DiDomizio drowned.

This action was brought against the commissioner of transportation pursuant to § 13a-144, the highway defect statute, for the wrongful death of DiDomizio. The plaintiffs alleged that the defendant had neglected to maintain a portion of the highway in accordance with his duty and failed to maintain a guardrail beside the highway. The plaintiffs asserted that the ramp was excessively slippery and further claimed that the guardrail on the entrance ramp was insufficient to prevent vehicles from going through it. The plaintiffs claim that the guardrail was defective because the supporting posts were inadequately anchored, were placed in insufficiently firm soil and were not anchored deep enough in the soil.

At trial, the plaintiffs offered evidence of a prior accident on the same ramp to show the defect in the guardrail and to prove that the defendant had notice of the defect. This evidence was excluded by the trial court.

After the plaintiffs rested their case, the defendant moved for a directed verdict. The court determined that the plaintiffs had failed to produce sufficient evidence to establish a prima facie highway defect case, and directed a verdict in favor of the defendant. This appeal follows.

" 'The rules controlling appellate review of a directed verdict are well settled. Directed verdicts are not generally favored. A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion.' . . . *Sokolowski* v. *Medi Mart, Inc.*, 24 Conn. App. 276, 285–86, 587 A.2d 1056 (1991); see also *Bleich* v. *Ortiz*, 196 Conn. 498, 500–501, 493 A.2d 236 (1985). We review a trial court's decision to direct a verdict for the defendant by considering all of the evidence, including reasonable inferences, in the light most favorable to the plaintiff. *Giles* v. *New Haven*, 228 Conn. 441, 444, 636 A.2d 1335 (1994); *Berry* v. *Loiseau*, 223 Conn. 786, 819–20, 614 A.2d 414 (1992)." *Bilodeau* v. *Bristol*, 38 Conn. App. 447, 454, 661 A.2d 1049, cert. denied, 235 Conn. 906, 665 A.2d 899 (1995). "While it is the jury's right to draw logical deductions and make reasonable inferences from the facts proven; *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 529, 562 A.2d 1100 (1989); it may not resort to mere conjecture and speculation. *Burke* v. *West Hartford*, 147 Conn. 149, 151–52, 157 A.2d 757 (1960). If the evidence would not reasonably support a finding of the particular issue, the trial court has a duty not to submit it to the jury. *Souper Spud, Inc.* v. *Aetna Casualty & Surety Co.*, 5 Conn. App. 579, 584, 501 A.2d 1214 (1985), cert. denied, 198 Conn. 803, 503 A.2d 172 (1986)." *Merola* v. *Burns*, 21 Conn. App. 633, 636, 575 A.2d 1025 (1990).

I

The plaintiffs claim first that the trial court improperly directed the verdict for the defendant. They claim

that they produced sufficient evidence in their case-in-chief to establish a prima facie case of liability under § 13a-144. We disagree.

Pursuant to § 13a-144, the plaintiffs must present evidence sufficient to establish the following elements by a fair preponderance of the evidence: "(1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways . . . it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries . . . ." *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981).

Our Supreme Court has defined a highway defect as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *Hall* v. *Burns*, 213 Conn. 446, 461–62, 569 A.2d 10 (1990). " 'Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . .' " *Sullivan* v. *Norwalk*, 28 Conn. App. 449, 453, 612 A.2d 114 (1992); see also *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 201, 592 A.2d 912 (1991).

The essence of the plaintiffs' claim is that the commissioner breached his statutory duty to keep the highway free of defects. "The mere fact that a defect exists, however, does not allow recovery under [§ 13a-144], which also requires proof that the defendant had actual or constructive notice of the defect and had a reason-

able opportunity to correct the defect. *Hall* v. *Burns*, supra, [213 Conn.] 462." *Langton* v. *Westport*, 38 Conn. App. 14, 19, 658 A.2d 602 (1995). Thus, even if we assume that the plaintiffs produced sufficient evidence to prove that the defects existed at the time of the accident, "[i]t is the settled law of our state that [i]n a case seeking recovery for damage from defects in a highway, it is a prerequisite of liability that the authority charged with maintenance shall have had either actual notice of the defect or constructive notice through its existence for such a length of time that it would have been known in the exercise of reasonable care . . . ." (Internal quotation marks omitted.) *Baker* v. *Ives*, 162 Conn. 295, 305, 294 A.2d 290 (1972). "It is also settled law that the notice must be of the particular defect itself which caused the injury and not merely notice of the conditions naturally productive of the defect and in fact producing it." Id.

In this case, the plaintiffs do not claim that the defendant had actual notice of the slippery surface of the ramp or the condition of the guardrail. Instead, the plaintiffs claim that they produced sufficient evidence to show that the alleged defects existed for a sufficient period of time so that the condition should have been discovered had the state exercised reasonable supervision over its highways. See *Sullivan* v. *Norwalk*, supra, 28 Conn. App. 454.

Our review of the record indicates that the plaintiffs failed to introduce sufficient evidence to establish constructive notice to the defendant. The plaintiffs failed to produce evidence to show when the allegedly defective condition of the ramp and guardrail came into existence or how long the defects existed. Also, although the plaintiffs did submit some evidence of the loose soil in the embankment where the guardrail was set, the plaintiff failed to introduce any evidence to establish how long the soil had been in that condition. Without

evidence of when the alleged defects arose, a jury could only speculate as to whether the defendant should have discovered the alleged defects. We conclude that the trial court properly determined that there was insufficient evidence to submit the issue of constructive notice to the jury, and, therefore, properly directed a verdict in favor of the defendant because of the plaintiffs' failure to prove a prima facie case under § 13a-144.

## II

The plaintiffs next claim that the trial court improperly excluded evidence of a prior accident that occurred on the same ramp as in the present case. The plaintiffs assert that the prior accident was substantially similar to this accident and should have been admitted to prove the existence of a defect and notice of the defect. The defendant claims that the trial court properly rejected the evidence because there was insufficient proof of similarity of conditions, circumstances and use.

"Evidence of other similar accidents is admissible to prove the existence of a particular physical condition, situation, or defect. C. McCormick, Evidence (3d Ed.) § 200; *Zheutlin* v. *Speery & Hutchinson Co.*, 149 Conn. 364, 179 A.2d 829 (1962); *Facey* v. *Merkle*, 146 Conn. 129, 136, 148 A.2d 261 (1959); *Wilkins* v. *G. Fox & Co.*, 125 Conn. 738, 7 A.2d 434 (1939). A party attempting to offer evidence of prior accidents or evidence of the experience of others has the burden of proving that the circumstances were substantially the same as those under which the plaintiff was injured, and that the use by others was substantially similar to that of the plaintiff. . . . Moreover, [e]vidence of prior occurrences will be admitted only if the proffering party first lays a sufficient foundation of substantial similarity of conditions between the immediate and the prior happenings.

*Marois* v. *Paper Converting Machine Co.*, 539 A.2d 621, 625 (Me. 1988). The question whether the essential preliminaries have been established is for the court, and the court's decision will not be disturbed unless there is clear and manifest error." (Citations omitted; internal quotation marks omitted.) *Hall* v. *Burns*, supra, 213 Conn. 451–52.

At trial, the plaintiffs attempted to show the similarity of the accidents through a report made by the state police in October, 1990, of an accident that occurred on the same ramp as in this case. The police report indicated that the prior accident involved a motorcycle that fell over, skidded 110 feet on its side and knocked down two steel posts of the guardrail on the right side of the ramp. The motorcycle did not knock down the same posts that were knocked down by the vehicle in this case, nor did it knock down the guardrail. The report also revealed that the operator admitted to ingesting alcohol prior to operating the motorcycle and tests showed his blood alcohol level to be 0.188. Further, the report indicated that the operator admitted that the wheels of his motorcycle were hard, which caused the bike to slide out from under him. Finally, the police report indicated that the road was dry. In excluding the evidence of the prior accident, the trial court determined that the speed of the motorcycle had not been established, that the vehicle involved was a different type and that the plaintiffs failed to prove that the alleged cause of the present accident, the slippery roadway or a defective guardrail, was similar to that of the prior accident.

"It is a well established principle of law that the trial court may exercise its discretion with regards to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion." Id., 451. Given the facts and circumstances

of this case, we cannot say that the trial court abused its discretion in excluding evidence of the prior accident.

The judgment is affirmed.

In this opinion the other judges concurred.