[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 7, 1997
BACKGROUND
On March 19, 1997, the plaintiff, Judith Cahn, filed a one-count amended complaint against the defendant, City of Stamford. The plaintiff alleges that she suffered injuries resulting from a fall on a public sidewalk; that the fall was caused by the negligence of the defendant; that the defendant's negligence was the sole proximate cause of the fall; and that the defendant was put on notice of the fall on the defective sidewalk.
The defendant filed a motion to strike the complaint on March 20, 1997, on the grounds that any claim of negligence against the defendant is barred by General Statutes § 52-557 and the common law and that any claim under General Statutes §13a-149 is legally insufficient because the notice was patently defective. The plaintiff filed an opposition to the motion along with a memorandum of law on March 21, 1997. The defendant filed a reply memorandum of law on March 24, 1997.
DISCUSSION
"The purpose of a motion to strike is to contest . . . the CT Page 12502 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576,580 (1997). The defendant's first ground for the motion to strike is based on common law and statutory immunity for municipalities. The defendant argues that the only claim a party could have against a municipality for a defective sidewalk would arise under General Statutes § 13a-149.[1] The defendant's second ground assumes a cause of action under § 13a-149 and argues that the notice given by the plaintiff was patently defective.
The plaintiff argues that she does not understand the defendant's first ground, contending that she is bringing a claim of negligence pursuant to § 13a-149.[2] With regard to the second ground, the plaintiff argues that the notice was legally sufficient to satisfy the requirement of a general description. The letter to the defendant referred to the place of injury, the injuries incurred, and stated that the injuries were "due to the design, installation and maintenance of a defective sidewalk." (Complaint: Exhibit A.) The plaintiff further r argues that the sufficiency of notice is a factual issue inappropriate for a motion to strike.
The defendant replies that the reference to the design, installation and maintenance of the sidewalk do not identify the defect. The defendant further argues that where notice is patently defective, notice becomes a question of law appropriate for a motion to strike.
"Section 13a-149 provides that before an action for personal injury caused by a defective road may be brought against a municipality bound to keep it in repair, the claimant must first give the municipality written notice . . ." Passini v.Winchester, 45 Conn. App. 413, 417 (1997). "The statute requires that the notice contain the following five essential elements: (1) written notice of the injury; (2) a general description of that injury; (3) the cause; (4) the time; (5) the place thereof . . . A plaintiff who fails to comply with these requirements cannot maintain a cause of action against a municipality." (Citations omitted.) Martin v. Plainville,
CT Page 12503240 Conn. 105, 109 (1997). The "cause" which is required to be stated is "interpreted to mean the defect or defective condition of the highway which brought about the injury." Nicholaus v. Bridgeport,117 Conn. 398, 401, 167 A. 826 (1933).
Section 13a-149 also provides, "No notice given under the provisions of the section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city, corporation or borough was not in fact misled thereby." General Statutes § 13a-149.[3] This savings clause "applies only where the information provided in the notice is inaccurate, not where information is entirely absent." (Emphasis in original.)Martin v. Plainville, supra, 240 Conn. 113.
"In determining whether the notice is sufficient, [the court] must look to the purpose of the statute." Durso v. Sherman,
Superior Court, judicial district of Danbury, Docket No. 317959 (May 8, 1995) (Leheny, J.). "The purpose of the requirement of notice is to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonableguide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." (Emphasis in original; internal quotation marks omitted.) Martinv. Plainville, supra, 240 Conn. 112-13. "Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court . . ." Lussier v. Department ofTransportation, 228 Conn. 343, 354, 636 A.2d 808 (1994) (adopting patent failure test for § 13a-144).[4]
Here, the plaintiffs notice states that the fall was "due to the design, installation and maintenance of a defective sidewalk." (Complaint: Exhibit A.) The defendant argues that this fails to provide any information as to the cause of the injury. The plaintiff argues that the notice satisfies the general description required by the statute.
The plaintiff contends that its allegation as to a design defect is sufficient to provide notice. The defendant responds that the plaintiff cannot rely on a design defect because the design defect claim can only be asserted if the condition had CT Page 12504 been in existence since the road was created. The defendant further argues that the "characterization as a design defect is an evidentiary issue, not relating to the identification of the defect (cause of injuries) but rather other elements of the cause of action." (Reply Brief in Support of Motion to Strike, pp. 3-4.)
In Langton v. Westport, 38 Conn. App. 14, 658 A.2d 602 (1995), the court discussed the possibility of bringing a design defect claim under § 13a-149. The court determined that the plaintiff must prove that the design in question was so defective "as to have been out of repair from the beginning." Id, 18. See also Trotta v. Branford 26 Conn. App. 407, 410, 601 A.2d 1036
(1992) (Supreme Court has allowed defects in plan of construction to fall under § 13a-149 where plan was defective as to have been out of repair from beginning). Whether the design defect here has been present since the construction of the highway goes to the plaintiff's burden of proving a design defect under §13a-149, not to the sufficiency of notice of the cause of the injury.
The plaintiff argues that its notice provides a description of the defect, "i.e. design flaw, installation error and/or poor maintenance." (Plaintiff's Brief in Opposition to Motion to Strike, p. 3.) The assertion that the plaintiffs injuries are due to "the design, installation and maintenance of a defective sidewalk" is sufficient notice of the cause of the plaintiff's injury.
The notice, while not well-crafted, is sufficient to provide the defendant with enough information to protect its interests. Section 13a-149 is to be liberally construed, as indicated by the savings clause. Pratt v. Old Saybrook, 225 Conn. 177, 183,621 A.2d 1322 (1991). Furthermore, the court determines that the notice does not patently fail to meet the statutory requirements, therefore, it should be left to the trier of fact to determine, based on the evidence, whether the defendant was given sufficient notice of the allegedly defective sidewalk. See Lussier v.Department of Transportation, supra, 228 Conn. 354 (question of adequacy of notice is one for the jury and not the court unless notice "patently meets or fails to meet" the test for reasonable notice). The motion to strike is denied.
Mintz, J.