[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 FACTS
The plaintiffs, Usha Sankaran, Uma Gnanguru and Rukmani Sankaran, were injured when the automobile in which they were riding traveled off Route 2, through a guardrail and struck a tree. The plaintiffs filed a revised complaint on May 10, 1999, alleging that the defendant, James F. Sullivan, the commissioner of transportation, failed in his duty to keep and maintain the highway in a reasonably safe condition. Specifically, the plaintiffs allege that the defendant failed to install or attempt to install rumble strips, failed to mark or identify adequately the highway edge, failed to install an effective guardrail and knew or should have known of the conditions and remedy them. The plaintiffs claim damages pursuant to the defective highway statute, General Statutes §13a-144.[1] The plaintiffs filed timely notice of their claim with the department of transportation pursuant to this statute.
The defendant filed a motion to dismiss arguing that the alleged defects in the highway are design defects, and, therefore, § 13a-144
does not apply.
 DISCUSSION
CT Page 1061
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998). A motion to dismiss is the appropriate vehicle with which to challenge the court's subject matter jurisdiction. See Jolly, Inc. v. Zoning Board ofAppeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
The plaintiffs allege that the defendant breached his statutory duty in the following ways: the highway had no rumble strips in the area of the accident and, therefore, was hazardous for vehicles that strayed outside the lanes of travel; failed to install an effective guardrail; and the defendant's failure to mark or identify the highway edge rendered it hazardous for highway travel. The defendant specifically argues that § 13a-144 does not apply to choices that the state makes when deciding what design plan to execute when building a highway, including the specific choices of whether to use a specific type of guardrail, rumble strips or other identifying marks along the highway.
"It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued."Baker v. Ives, 162 Conn. 295, 298, 294 A.2d 290 (1972). "[S]tatutes in derogation of sovereign immunity should be strictly construed. . . .Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Citations omitted.) White v. Burns, 213 Conn. 307, 312,567 A.2d 1195 (1990). "[T]he state, which ordinarily would not be liable, permitted itself, as a matter of grace, to be sued under the express conditions of [§ 13a-144]." (Internal quotation marks omitted.) Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786 (1994). "[W]hen a plaintiff alleges sufficient facts to comport with the legislative waiver contained in § 13a-144, the complaint will withstand a challenge by the state on the basis of sovereign immunity." Id., 365.
"Section 13a-144 imposes liability on the commissioner [of transportation] for injuries occurring on any defective highway, bridge CT Page 1062 or sidewalk which it is the duty of the commissioner to . . . keep in repair." (Internal quotation marks omitted.) Amore v. Frankel, supra,228 Conn. 366-67. Generally, a highway defect is "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result. . . ." (Internal quotation marks omitted.) DiDomizio v. Frankel,44 Conn. App. 597, 601, 691 A.2d 594 (1997). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law. . . ." (Internal quotation marks omitted.) Id.
In Donnelly v. Ives, 159 Conn. 163, 168, 268 A.2d 406 (1970), the Supreme Court stated the general rule that "a public authority acts in a quasi-judicial or legislative capacity in adopting a plan for the improvement or repair of its streets or highways and ordinarily will not be liable for consequential damages for injuries due to errors or defects in the plan adopted." "In the area of highway safety . . . it has long been the settled view, and an eminently justifiable one, that courts should not be permitted to review determinations of governmental planning bodies under the guise of allowing them to be challenged in negligence suits; something more than a mere choice between conflicting opinions of experts is required before the State or one of its subdivisions may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public." (Internal quotation marks omitted.) Id.
Although defective design is generally not a defect pursuant to §13a-144, there is an exception in cases where "the plan of construction adopted [is] one which was totally inadmissible, . . . the highway would have been in such a defective condition as to have been out of repair from the beginning." (Internal quotation marks omitted.) Donnelly v.Ives, supra, 159 Conn. 167. In order to fall within the exception, the design defect must be "so egregious, requiring obvious correction. . . ."Langton v. Westport, 38 Conn. App. 14, 17, 658 A.2d 602 (1995); see alsoFederman v. Stamford, 118 Conn. 427, 429, 172 A. 853 (1934) (example of design defect so egregious as to come within exception includes a sidewalk left with its grade broken simply by a four foot wall, without the provision of steps, or had steps provided been insecure, or unguarded by proof of a railing).
Although the plaintiffs allege that their claims constitute defective highway conditions resulting from the defendant's neglect or default, it is clear that they are really alleging design defects: that the area of Route 2, where the accident occurred, was defective because it lacked rumble strips, warning signs or marks and an effective guardrail.[2]
See Donnelly v. Ives, supra, 159 Conn. 166 (claim for damages because of CT Page 1063 the existence of an abutment at Chapel Street exit of Connecticut Turnpike alleged a design defect claim); Langton v. Westport, supra,38 Conn. App. 17 (claim for damages because of a space between a grate and its door resembled a defective design claim); D'Arcy v. ShugrueTransportation Commissioner, 5 Conn. App. 12, 15, 496 A.2d 967, cert. dismissed, 197 Conn. 812, 499 A.2d 56, cert. denied, 197 Conn. 817,500 A.2d 1336 (1985) (claim for damages because of the absence of a metal beam divider between two sides of the highway alleged a design defect claim). The plaintiffs' defective design claims do not fall within the limited exception contained in Donnelly v. Ives, supra, 159 Conn. 167.
For the foregoing reasons, therefore, the defendant's motion to dismiss is granted.
Berger, J.