[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (#102) DEFENDANT'S MOTION TO DISMISS
On March 12, 2001, the plaintiff, Alex Tyson, filed a two Count complaint seeking damages for personal injuries and losses which he allegedly sustained as a result of his automobile colliding with boulders, rocks and other debris which fell from a rock ledge on the shoulder of Interstate 84 in the City of Waterbury.
In Count one, Tyson asserts a claim of breach of statutory duty in violation of General Statutes § 13a-144 against the defendant, James F. Sullivan (Sullivan), commissioner of the Department of Transportation.[1]
In count two, Tyson asserts a claim of breach of statutory duty in CT Page 14710 violation of General Statutes § 13a-149 against the City of Waterbury.
Tyson alleges the following facts. On March 1, 2000, Tyson was a passenger in a motor vehicle traveling on an exit off-ramp from interstate 84. While traveling on the off-ramp, the motor vehicle was struck by falling boulders, rocks and debris that broke loose from a rock ledge and spilled over the jersey barriers located on the right side of the road and onto the off-ramp. As a result, Tyson claims to have sustained serious and permanent personal injuries.
As set forth in Count One, Tyson claims that the off-ramp is part of the state highway system and as such, Sullivan, as commissioner of the Department of Transportation, is responsible for maintaining the road in a reasonably safe condition. Tyson alleges that Sullivan's failure to do so violated General Statutes, § 13a-144,[2] also known as the defective highway statute Tyson further alleges that as a result of Sullivan's failure to perform his statutory duty, Tyson sustained permanent personal injuries to the spine, shoulder, head, eyes, mouth, teeth, emotional distress and metal anguish, pain and suffering, headaches, dizziness, anxiety, fatigue, nausea, apprehension, insomnia and general loss of earnings
On May 2, 2000, pursuant to General Statutes §§ 13a-144 and4-146,[3] Tyson sent Sullivan, via certified mail, two separate but identical notices of his intent to commence an action against Sullivan and the State of Connecticut. Sullivan received these letters on May 4, 2000. On July 11, 2000, Tyson sent Sullivan, via certified mail, two separate but identical amended notices of intent to commence an action. Sullivan received both letters on July 13, 2000.
On May 2, 2001, Sullivan filed the instant motion to dismiss count one of the plaintiff's complaint and a memorandum of law in support thereof Sullivan argues that (1) the court lacks subject matter jurisdiction over the claim asserted against him in count one because the doctrine of sovereign immunity bars the claim because the state did not consent to be sued and the claims commissioner did not grant Tyson permission to bring this action; (2) the present action falls outside the scope of General Statutes § 13a-144, the defective highway statute; and (3) Tyson failed to satisfy the notice requirements of General Statutes § 13a-144
because he failed to set forth a general description of the nature of the injuries he sustained.
On May 15, 2001, Tyson filed an objection to Sullivan's motion to dismiss and a memorandum of law in opposition. Tyson argues: (1) sovereign immunity does not apply because the state can be sued pursuant CT Page 14711 to General Statutes § 13a-144; (2) the allegations set forth in the complaint do fall within the parameters of the defective highway statute; and (3) the notice is not fatally defective because it adequately sets forth a general description of the injuries he sustained.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v.Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court" (Emphasis in original, internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v.Branford, 247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter (Internal quotation marks omitted.) Sadloski v. Manchester,235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted) Federal Deposit Insurance Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised."Fink v. Golenbock, 238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996).
The primary issue before the court is whether the doctrine of sovereign immunity bars this action "[T]he sovereign is immune from suit unless the state, by appropriate legislation, consents to be sued." (Citations omitted.) Federal Deposit Insurance Corp. v. Peabody, N.E., Inc., supra,239 Conn. 101 "Sovereign immunity may be waived only through a statute."Struckman v. Burns, 205 Conn. 542, 558, 534 A.2d 888 (1987). "[General Statutes] [§] 13a-144 authorizes civil suits against the sovereign for injuries caused by the neglect or default of the state by means of any defective highway . . . in the state highway system. . . ." (Citations omitted; internal quotation marks omitted.) Serrano v. Burns,248 Conn. 419, 426, 727 A.2d 1276 (1999). Thus, the doctrine of sovereign immunity does not automatically bar this action. The state waives sovereign immunity under the express language of General Statutes §13a-144, provided the plaintiff meets the requirements set forth therein.
The court's next inquiry therefore, is whether Tyson's allegations fall CT Page 14712 within the purview of the defective highway statute. "[W]hen the state waives sovereign immunity by statute, a party attempting to sue under the legislative exception must come clearly within its provisions . . . (Citations omitted; internal quotation marks omitted.) Babes v. Bennett,247 Conn. 256, 262, 721 A.2d 511 (1998).
Tyson alleges that the off-ramp is part of the state highway system and that Sullivan must maintain it in a reasonably safe condition. He alleges that Sullivan's failure to do so violated General Statutes § 13a-144. Specifically, Tyson alleges that Sullivan breached his statutory duty in one or more of the following ways (1) failed to reasonably inspect the rock ledge for loose rocks, debris or other materials; (2) failed to properly remove loose rocks, debris and other materials from the rock ledge, (3) failed to properly reinforce the rock ledge to prevent loose rocks, soil and other debris from falling onto the main travel portion of the highway; (4) failed to properly maintain the area of the rock ledge to prevent loose rocks, debris and other material from falling into the travel portion of the highway; (5) failed to adequately place sufficient jersey barriers to prevent loose rocks, debris and other materials falling from the rock ledge from falling into the travel portion of the highway, (6) failed to properly maintain the travel portion of the highway; (7) failed to properly remove the rocks, debris and other materials which had previously fallen from the rock ledge into the travel portion of the highway; (8) failed to properly warn the plaintiff and other approaching motorists of the hazardous and dangerous conditions then existing on the travel portion of the highway; (9) failed to properly place barriers around the rocks, debris and other materials which had fallen from the rock ledge onto the travel portion of the highway, (10) the highway was not reasonably safe for the purposes and uses intended; (11) Sullivan knew or should have known) in the exercise of reasonable care and inspection, of the hazardous conditions and should have corrected them; or (12) the hazardous and dangerous conditions existed for a sufficient period of time so that Sullivan knew, or should have known of them and should have taken measures to remedy and correct them, but failed to do so.
"[General Statutes] [s]ection 13a-144 imposes liability on the commissioner [of transportation] for injuries occurring on any defective highway, bridge or sidewalk which it is the duty of the commissioner . . . to keep in repair." (Internal quotation marks omitted.) Amore v.Frankel, 228 Conn. 358, 366-67, 636 A.2d 786 (1994) "Our Supreme Court has defined a highway defect as [a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon) or which, from its nature and position, would be likely to produce that result. . . ." (Citations omitted; internal quotation marks omitted.) DiDomizio v.CT Page 14713Frankel, 44 Conn. App. 597, 601, 691 A.2d 594 (1997). "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law. . . ." (Citation omitted.) Ferreira v. Pringle,255 Conn. 331, 341-42, 766 A.2d 400 (2001).
In this case, the alleged "defect" is the falling rocks, boulders and debris that broke loose from a rock ledge and spilled over the jersey barriers onto the off-ramp. Viewing the allegations in the light most favorable to Tyson, his allegations do not fail outside the scope of General Statutes § 13a-144. As a matter of law, falling rocks, boulders and debris come within the definition of a highway defect as "any object . . . which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which from its nature and position, would be likely to produce that result. . . ."DiDomizio v. Frankel, supra, 44 Conn. App. 601. For the purposes of this motion to dismiss, the allegations set forth in count one of Tyson's complaint clearly bring it within the provisions of the defective highway statute. The court need not inquire any further because although the question of whether the highway is defective is one of law, the Connecticut Supreme Court holds that, "[w]hether there is a defect in such proximity to the highway so as to be considered `in, upon, or near the traveled path' of the highway must be determined on a case-by-case basis, and is generally a question of fact for the jury, which will not be disturbed by this court unless the conclusion is one which could not be reasonably reached by the trier. . . ." (Citations omitted.) Serranov. Burns, supra, 248 Conn. 426.
The court's final inquiry is whether Tyson complied with the notice requirements set forth by General Statutes § 13a-144 "The notice requirement contained in § 13a-144 is a condition precedent, which, if not met, will prevent the destruction of sovereign immunity" Lussierv. Department of Transportation, 228 Conn. 343, 354, 636 A.2d 808
(1994). General Statutes § 13a-144 provides in relevant part. . . . "No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."
Sullivan argues that Tyson's notice is fatally defective because, pursuant to the provisions of General Statutes § 13a-144, "injuries to the back and neck" is not an adequate general description of the injuries allegedly sustained. In opposition, Tyson maintains that the notice is not fatally defective because the description he gave of his injuries in his letters to Sullivan satisfies the requirements of the statute. CT Page 14714
In the letters Tyson sent to Sullivan on May 2, 2000, Tyson stated in relevant part that: "As a result of said incident, Mr. Tyson was violently thrown about in his vehicle causing him to sustain injuries to his neck and back."[4]
"In Lussier v. Dept. of Transportation, 228 Conn. 343, 356-58,636 A.2d 808 (1994), our Supreme Court reiterated the legal standard against which notice of a claim pursuant to § 13a-144 is to be measured. The notice need not be expressed with the fullness and exactness of a pleading. . . . [T]he notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently. [R]easonable definiteness is all that can be expected or should be required. The plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect. As long as notice provides `reasonable definiteness,' it is not patently insufficient and the adequacy of the notice becomes an issue for the jury." (Citations omitted; internal quotation marks omitted.) Tedesco v. Dept. ofTransportation, 36 Conn. App. 211, 213-14, 650 A.2d 579 (1994). "[T]he trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." Bresnan v. Frankel, 224 Conn. 23, 28, 615 A.2d 1040
(1992). "The requirement that the plaintiff give a general description of the injury is a reasonable compromise between the giving of no description and the giving of a very specific one." (Citations omitted.)Martin v. Plainville, 240 Conn. 105, 112, 689 A.2d 1125 (1997).
In Tyson's notice to Sullivan, he stated he "was violently thrown about in his vehicle causing him to sustain injuries to his back and neck." Tyson's description of his injury does not patently fail to meet the statutory requirements. That is all this court is required to determine at this point. "[T]he questions of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case" Lussier v.Department of Transportation, supra, 228 Conn. 354.
Based on the foregoing reasons, the court finds that the doctrine of sovereign immunity does not bar this action and the court therefore does have subject matter jurisdiction. Consequently, the defendant Sullivan's motion to dismiss count one of Tyson's complaint is hereby denied.
By the Court,
Joseph W. Doherty, Judge CT Page 14715